J. M. STEELE *et al.* v. DEMARIS A. DUNCAN *et al.*

1. JUDGMENT—*Vacation for Fraud—Pleading.* Where a judgment obtained against several defendants is sought to be vacated on account of the fraud practiced by the successful party, and it is also alleged that it is void as to some of the defendants because no service of summons was made upon them, those not served are not confined to the remedy prescribed in the last clause of § 575 of the civil code, of having the judgment vacated on motion, but may join with the other defendants in an action to have it set aside for the fraud practiced by those who obtained the same.

2. ALLEGATIONS—*Sufficiency.* The allegations of fraud contained in the petition examined, and, although somewhat indefinite, are *held* to be sufficient to withstand a demurrer filed against the same.

*Error from Morris District Court.*

THIS action was brought by the defendants in error for the purpose of vacating a judgment alleged to have been obtained

by fraud on April 22, 1886. In their petition, they allege substantially, that on August 5, 1884, Elizabeth Sample brought an action for the partition of certain premises in which J. M. Steele, M. K. Sample, Demaris A. Duncan, George W. Sample, James A. G. Sample, Louisa F. Eyler, John E. Sample, James Hayslip, Albert Hayslip, Lizzie Stewart, Ida Stewart, Sarah C. Sample, Timothy B. Sweet, trustee of J. W. Smith and Henry Gay, were made parties defendant. In that action J. M. Steele filed an answer and cross-petition, claiming a portion of the lands by reason of a purchase from M. K. Sample, and asked to have the title quieted against the other parties. M. K. Sample and Sarah C. Sample also filed separate answers, denying the right of the plaintiff to a portion of the lands, and asking that the petition might be dismissed as to them with their costs. Upon the issues thus made a journal entry, purporting to have been made by agreement of the parties to the suit, was entered upon the journal, in which it was stated that on April 22, 1886, at the April term of the district court of Morris county, the cause came on for hearing, and upon its being called the plaintiffs and each of the defendants except Timothy B. Sweet, J. W. Smith, and Henry Gay, appeared either in person or by attorneys; and thereupon, by consent and agreement of all parties in the cause, the several motions and demurrers filed by the several parties in said cause were withdrawn from the files by the parties filing the same by order of the court; and thereupon the defendant J. M. Steele filed in said cause, by the consent of the court and the parties thereto, his separate answer to the petition of the plaintiffs and cross-petition of John E. Sample et al. in said cause; and thereupon the cause came on to be heard upon the issues joined by the pleadings in the cause, and the parties by consent waived a jury and tried the cause to the court; and each of said parties having introduced all his or her evidence and rested, and after argument, the court, upon being duly advised, found generally all the issues in favor of Matthew K. Sample and Sarah C. Sample, his wife, and J. M. Steele. It is recited to have been found and adjudged that

J. M. Steele was then, and ever since the 6th day of September, 1884, had been, the owner of all the real estate described in the pleadings, except a tract of 120 acres which was found and adjudged to be the property of Matthew K. Sample. A decree was entered quieting the title of each of these parties as against the plaintiff and all of their co-defendants to the property in question. The petition then alleges as follows:

"That said journal entry as to these petitioners is false and fraudulent; that the same was obtained without their knowledge and consent, and by the procurement of the said J. M. Steele and the said M. K. Sample, and by the payment on their part of a large sum of money, to wit, $1,900, to the said plaintiff in said suit, and by the connivance and collusion of said Steele and Sample and the said plaintiff in said suit to defraud these petitioners; that the said Demaris A. Duncan, Louisa E. Eyler, James A. G. Sample and George W. Sample were not nor was any of them ever served with summons in said suit, or in any manner notified of the pendency thereof, nor did they nor anyone of them ever enter an appearance in said suit, or authorize any person or persons whomsoever to enter an appearance for them or to file any paper for them in said suit, or to enter into any agreement for them as to any matter in said suit, or thereunto in any manner relating; that the said Lizzie Stewart, Ida Stewart, James Hayslip and Albert F. Hayslip and John F. Sample admit that they were served with summons in said suit, but say that they had information that said suit was brought for partition of the premises in plaintiff's petition in said suit described, which were all the lands of which said Matthew K. Sample had died seized, and that they did not then wish to join issue with the plaintiff and to deny her interest in said suit, but that they relied as they believed they had a right to rely upon the court to make to them and to each of them a just and equitable partition of their interests in said premises as the heirs at law of said Matthew K. Sample, deceased, and so relying upon the court to protect them in their said rights, they did not employ counsel and file answers in said suit; and they now believe but that for the fraud set forth in the first and second paragraphs hereof, imposed as well upon the court as upon these petitioners, they would have been by the court protected in all their rights therein; they deny that they filed, caused to be filed, or author-

ized any person to file for them, a certain paper purporting to be their answer therein, and filed on the 12th day of November, 1885, and they make the same denial as to a certain other paper purporting to be a demurrer, filed in said suit on the 15th day of March, 1886; that both of said papers are false as far as the same relate to these parties, and were so filed in fraud of their rights in said suit."

In the second count of the petition they allege an interest in the lands, and set forth a meritorious defense in the original action. They then ask to have the judgment entered in the original suit vacated and set aside, and all of them to come in and file an answer, to be heard in behalf of their several interests therein, and other proper relief. The defendants in this action filed a motion to require the plaintiffs to make their petition more definite and certain by the plaintiffs separately stating the claim and rights of each; second, to make their petition more definite and certain by setting out a full and complete copy of all the pleadings and judgment in the action wherein the judgment was rendered that the plaintiffs are seeking to vacate and annul; third, to make the petition more definite and certain by specifically stating all the facts on which the allegation is made that the defendants were in any way guilty of fraud in the procuring of the rendition of the judgment mentioned in the petition; and, fourth, by stating a full and complete answer which the plaintiffs proposed to file in the cause. This motion was denied, and the defendants then filed a demurrer, upon the grounds, first, that there was a defect in the parties plaintiff; second, that several causes of action were improperly joined; and, third, that the petition did not state facts sufficient to constitute a cause of action against the defendants. The demurrer was overruled, and the defendants, without waiting for the disposition of the case, bring this proceeding to reverse the ruling upon the demurrer.

*C. N. Sterry*, and *E. S. Bertram*, for plaintiffs in error.

*E. E. Ritchie*, and *R. W. McNeal*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought under §§ 568 and 570 of the civil code, to vacate a judgment alleged to have been obtained through the fraud of the plaintiffs in error· The questions in the case arise upon the ruling of the court upon the demurrer filed against the petition of the plaintiffs below. It was first contended that there was no joint cause of action in favor of the defendants below, and this is based on the statement in their petition that some of the defendants in the original action were never served with summons and made no appearance in that action, while others of the defendants were served and properly brought into court. It is said as to those who were never served, and who never entered their appearance in the case or authorized anyone to enter an appearance for them, that the judgment was absolutely void; while as to the other class, who were served, the judgment was only voidable; and so it is urged that the judgment rendered affected a part of the defendants in an entirely different manner from that in which it affected the others. It is contended that because the judgment was absolutely void as to some of them, the proper proceeding to set it aside was by a motion, under the last clause of § 575 of the civil code. It appears, however, that this proceeding was not brought under the last clause of § 575, nor were the defendants in error confined to that remedy. (*List v. Jockheck,* 45 Kas. 349, 748; same case, 27 Pac. Rep. 185; *Hanson v. Wolcott,* 19 Kas. 207.) The action is manifestly brought to set aside the judgment for "fraud practiced by the successful party in obtaining the judgment." The allegations of fraud apply to those not served as well as to those who were served; and all of the defendants in error were affected by the fraud as alleged to have been practiced, and all are entitled to relief against the judgment so obtained. The objection of misjoinder cannot therefore be sustained.

The next objection is, that the allegations respecting the fraud practiced are not sufficiently full and specific to constitute a good petition or require an answer. It is true that a

statement of the facts showing the fraud should be pleaded, and that mere conclusions are insufficient. It cannot be said, however, that only conclusions with reference to the fraud practiced have been set forth in the petition. It is charged that the judgment which purported to have been entered by agreement of the defendants in error was entered without their knowledge and consent, and that Steele and M. K. Sample paid $1,911 to Elizabeth Sample in order to obtain the judgment, and thus defraud the defendants in error. They denied that the papers which were filed in the case in their behalf were ever filed by them or by any person authorized to file the same, and that they never entered into the agreement recited in the journal entry to have been made between them and the plaintiffs in error. Although the allegations with reference to the fraud are not as full and specific as they might have been, they are sufficient in our opinion to overcome the demurrer. It is substantially alleged that J. M. Steele and M. K. Sample paid $1,900 to Elizabeth Sample to induce her to withdraw her claim upon the land and permit a judgment to be entered in their favor; and that they conspired together to have it appear that the defendants in error were present and agreeing to the judgment that was entered, when in fact they had no knowledge of the agreement or of the rendition of the judgment, and authorized no one to make the agreement or to consent to the judgment that was given. If the allegations made are established, it will show that a fraud was not only practiced upon the defendants in error, but also upon the court, as the judgment rendered would probably not have been given if the court had understood that all the parties were not represented and consenting.

There is considerable complaint that the petition is not sufficiently definite and certain in its allegations; but these objections cannot be cured in a review of a ruling upon the demurrer. We think the court might properly have required the defendants in error to have set out copies of the pleadings upon which the judgment sought to be vacated was founded, as the pleadings may throw some light on the character and

effect of the judgment. The court might properly, too, have required a fuller and more detailed statement of the times and manner in which the fraud was practiced; but, as has been stated, these objections are not now available. When the case is remanded for trial, the court will have an opportunity to require the defendants in error to make their petition more definite and certain in both particulars, and in that way overcome these objections.

We conclude that the demurrer to the petition was properly overruled, and therefore the ruling of the district court will be affirmed.

All the Justices concurring.