No. 21,170.

ELIAS DUNCAN, *Appellant,* v. THE BENTON & HOPKINS IN-
VESTMENT COMPANY et al., *Appellees.*

SYLLABUS BY THE COURT.

1. JURISDICTION—*Transcript from Justice of Peace—Filed with Clerk of
District Court of Another County—Execution Sale Without Jurisdic-
tion.* Where a judgment is rendered by a justice of the peace of one
county, and a transcript of the judgment is filed with the clerk of the
district court of that county, and a copy of that transcript is filed with
the clerk of the district court of another county, and an execution is
issued thereon in the latter county, on which execution a sheriff's sale
of real property is made, and the sale is confirmed, and the sheriff's
deed is afterward issued, the execution, sheriff's sale, confirmation,
and sheriff's deed are void, for the reason that the district court of
the latter county is without any jurisdiction in the matter; and where
the grantee in the sheriff's deed afterward conveys the real property
to other parties, the execution, sale, confirmation, sheriff's deed, and
subsequent conveyance may be attacked and set aside in an action
brought for that purpose. A petition which alleges the facts above
described states a cause of action.

2. SAME—*Sheriff's Sale—Void Execution.* An attempt to redeem real
property from a sheriff's sale made under an execution that is void
for want of jurisdiction in the court to issue the same, does not ratify
the proceedings nor cure the defect in the jurisdiction.

Appeal from Sheridan district court; CHARLES I. SPARKS,
judge. Opinion filed April 6, 1918. Reversed.

*C. L. Thompson,* of Hoxie, for the appellant.

*A. C. T. Geiger,* of Oberlin, and *Robert W. Hemphill,* of Nor-
ton, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This action comes to this court on an appeal
from a judgment sustaining the defendants' demurrer to the
plaintiff's petition. The purpose of the action is to set aside
the confirmation of a sheriff's sale, the sheriff's deed made un-
der that sale, and other deeds subsequent thereto.

The plaintiff alleges that on February 7, 1914, he was the
owner of certain described real property in Sheridan county,
and that—

"On the 7th day of February, 1914, W. J. Nichols, Sheriff of Sheridan County, Kansas, sold the above described real estate to the defendant, The Benton & Hopkins Investment Company for $187.90, under authority of an execution issued out of the District Court of Sheridan County, Kansas, by virtue of a judgment entered in the District Court of Sheridan County, Kansas, upon a transcript from a Justice of the Peace Court in Decatur County, Kansas."

The plaintiff further alleges that the sale was confirmed on February 24, 1914; that a certificate of purchase was issued by the sheriff on February 26, 1914; that on September 21, 1914, the sheriff executed and delivered to the Benton & Hopkins Investment Company a sheriff's deed for the real property; and that on November 30, 1914, the Benton & Hopkins Investment Company executed a deed conveying the property to W. R. McCalla, jr., who afterward executed a deed to defendant Leora A. Wilcox, the wife of defendant Sherman Wilcox, the plaintiff's tenant. Sherman Wilcox was in possession of the real property under a lease which expired September 1, 1914.

The plaintiff charges that the Benton & Hopkins Investment Company and W. R. McCalla, jr., acted fraudulently in order to deprive the plaintiff of his title to the real property, and charges that Leora A. Wilcox was not the purchaser from W. R. McCalla, jr.; that, instead thereof, Sherman Wilcox was the purchaser; and that he was not an innocent purchaser of the property. The petition is not verified.

(1) A transcript of the judgment rendered by a justice of the peace may be filed in the office of the clerk of the district court of the county in which the judgment was rendered. Such judgment becomes a lien on the real estate of a judgment debtor, the same as if the judgment had been rendered by the district court. Execution may be issued on such judgment, and the same proceedings shall be had on the execution as if the judgment had been rendered in that court. (Civ. Code, §§ 517-519.)

"An attested copy of the journal entry of any judgment, together with a statement of the costs taxed against the debtor in the case, may be filed in the office of the clerk of the district court of any county, and such judgment shall be a lien on the real estate of the debtor within that county from the date of filing such copy. The clerk shall enter such judgment on the appearance and judgment dockets in the same manner

as if rendered in the court of which he is clerk. Executions shall only be issued from the court in which the judgment is rendered." (Civ. Code, § 416.)

Although the petition does not so allege, it is assumed that a transcript of the judgment rendered by the justice of the peace was filed with the clerk of the district court of Decatur county, and that a copy thereof was filed in Sheridan county.

The district court of Sheridan county had no control over the judgment; it was without jurisdiction, and no execution could be issued from that county. While the sheriff of Sheridan county could sell the property under an execution issued from Decatur county, yet he must make his return to the clerk of the district court of the latter county, and the district court of that county must confirm or refuse to confirm the sale. (Civ. Code, §§ 469, 470.) There was no judgment in Sheridan county on which execution could issue. The execution and all proceedings under it were void for want of jurisdiction. The sheriff's deed was therefore void, and no subsequent deed depending on the sheriff's deed conveyed any title. The confirmation could have been set aside on a motion filed under section 598 of the code of civil procedure, but the plaintiff was not restricted to proceeding under that section. (*Steele v. Duncan*, 47 Kan. 511, 28 Pac. 206.)

(2) After the sheriff's deed had been issued, the plaintiff attempted to redeem the property from the sheriff's sale. The defendants argue that by that attempt the plaintiff waived the question of jurisdiction. That argument is without force. The plaintiff's attempt to redeem the land from the sheriff's sale did not ratify that sale nor confer jurisdiction on the district court of Sheridan county.

The petition states a cause of action. The judgment is reversed, and the district court is directed to overrule the demurrer and to proceed with the cause.