*JAMES S. TAYLOR, *Appellant,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee.*

No. 12,116.

1. PLEADINGS—*Amendment—New Cause of Action—Limitation of Action.* Where, after a case was remanded for a new trial, the plaintiff amended his petition, a claim that the amendment set up a new cause of action which was barred by the statute of limitations was not sustained.

2. ——— *Amendment—Departure—Surprise—Estoppel.* Where upon the retrial of a case the petition was amended the defendant was in no situation to claim that it was misled or surprised by the amendment, the case having been first tried on the theory that the issue was the same as that tendered by the amendment.

Appeal from Sedgwick district court; DAVID M. DALE, judge. Opinion filed April 5, 1902. Reversed.

*Amidon & Conly,* for the appellant.
*A. A. Hurd,* and *O. J. Wood,* for the appellee.

*Per Curiam:* This is a continuation of *Railway Co. v. Taylor,* 60 Kan. 758. After the case was remanded by this court for a new trial the plaintiff, upon leave,

---

* NOTE.—This case was not reported in full when the opinion was filed (see 64 Kan. 888), and is reported here because it is cited in the opinion that precedes it.

Taylor v. Railway Co.

again amended his petition, and when the cause was called for trial, the jury impanelled, and a witness for the plaintiff, having answered preliminary questions, was interrogated in regard to certain facts in the case, the defendant interposed an objection to any evidence being offered under the amended petition, for the reason that such amended petition did not state facts sufficient to constitute a cause of action, and also moved for judgment upon the pleadings, which objection and motion were considered by the court together, by consent of counsel, and, the contention of the defendant being sustained, judgment was rendered against the plaintiff for costs, and he brings the case here for review.

The important question in the case is whether the last amended petition constitutes a departure, in that it sets up a new and different cause of action than that contained in the former pleading. Counsel for the defendant set forth in their brief what they regard as the essential averments of the two amended petitions, as follow:

"AMENDED PETITION.

"The defendant, by and through its agents, servants, and employees, George Norris and Andrew Craig, while then and there working for the defendant in and about said yard, and running and operating a railroad engine, tender and cars, and switching cars, carelessly and with gross negligence pushed and drove certain freight cars which were grossly and negligently fastened together with a certain chain, making the same dangerous to handle and use, push or haul on said railroad track, all of which was well known to the defendant, and, while so pushing and switching said cars carelessly and with gross negligence, suddenly and with an unusual stop and without giving the plaintiff any notice whatever, and without any necessity or occasion for such sudden stop, and with gross negligence, handled and operated said engine and cars as aforesaid by the defendant so that it threw said plaintiff off of one of said cars and against another car of said defendant," etc.

"SECOND AMENDED PETITION.

"The defendant by and through its agents, servants, vice-principals, and employees—the names of said agents, servants, vice-principals, and employees are not

known, nor was at the time of the commencement of this action—carelessly, wantonly, and with gross negligence fastened together two cars with a certain chain, making. the said cars by reason of the dangerous and unsafe coupling unusually dangerous to carry, push or haul or to use on said railroad track, thereby exposing the plaintiff to risks not within his contract of employment, all of which was known to the defendant for more than forty-eight hours prior to the injuries hereinafter set forth. . . . The plaintiff, while so engaged as said brakeman and under the direction and control of the conductor, trainmaster and chief dispatcher of said defendant, all of whom had ample opportunity and means of knowing the condition of said cars, and did know the dangerous condition of said cars, and directed that said cars be moved to and be carried or hauled to Arkansas City, Kan., without giving the plaintiff notice or warning of the unusually dangerous condition of said cars, and the defendant, through its vice-principals as above set forth, carelessly, and with gross negligence and without proper regard for human safety had wantonly directed the movement of said cars," etc.

It is conceded that the last amendment to the petition was made after the cause of action therein stated was barred by the statute of limitations, unless such cause of action was saved by the averments in the first amended petition, and unless the plaintiff might lawfully have been permitted to amend his petition as was done in this instance.

An important, though perhaps not controlling, consideration is found.in the fact that upon the former trial of this action the case was treated by counsel for both parties as though allegations of negligence on the part of the master were contained in the petition. In the opinion of this court it was said:

"The negligence charged in the petition was that of the enginemen in stopping the engine and attached cars with unnecessary suddenness. The case, however, was not tried upon the theory of their negligence, but was tried upon the theory of the negligence of the railroad company as master for allowing the broken car to stand upon. the sidetrack without repair and without warning to the plaintiff of its dangerous condition. Counsel for

Taylor v. Railway Co.

both parties admit in their briefs that the case was tried on this theory and such is also manifest from the record. We shall, therefore, pay no attention to the variance between the plaintiff's petition and his evidence." (60 Kan. 759.)

It thus appears that the amended petition which the trial court refused to uphold tendered substantially the same issues as those upon which the case was formerly tried, and, having elected to treat such issues as in the case and undertaken to combat the contention of its adversary in regard to them, the defendant is in no situation to allege that it was misled or surprised by such amendment. We are of the opinion that the first amended petition charged, though imperfectly and without sufficient detail or particularity, that the master was negligent in allowing the freight cars to be improperly fastened together with a chain, and the allegations of the amended petition in regard thereto may be considered as an amplification of such original charge. The amendment made was allowable under the authority of previous decisions of this court. (*Culp v. Steere,* 47 Kan. 746, 750; *K. P. Railway Co. v. Salmon, Adm'x,* 11 Kan. 83; *K. P. Rly. Co. v. Salmon, Adm'x,* 14 Kan. 512, 520; *Service v. Bank,* 62 Kan. 857, 860; *Railway Co. v. Ludlum,* 63 Kan. 719; *Bank v. Layfeth,* 63 Kan. 17. See, also, *Texas & Pacific Railway Co. v. Cox,* 145 U. S. 593.)

It follows that the trial court erred in excluding testimony under the second amended petition, for which reason its judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.