No. 27,191.

H. K. McLeod, *Appellee,* v. Carl A. A. Hartman et al., *Appellants.*

SYLLABUS BY THE COURT.

1. Judgments—*Correction of Erroneous Judgment—Appeal.* When a court has jurisdiction of the subject matter of the action and of the parties, a judgment giving to one of the parties more than he is entitled to receive, is an erroneous judgment, and should be corrected by appeal within six months.

2. Same—*Correction of Erroneous Judgment—Motion Filed After Term.* The trial court has no authority, under R. S. 60-3007, to set aside such erroneous judgment as an "irregularity," on motion filed after the term at which it was rendered.

Appeal from Reno district court; William G. Fairchild, judge. Opinion filed March 12, 1927. Affirmed.

*Walter F. Jones,* of Hutchinson, for the appellants.
*Frank L. Martin* and *James N. Farley,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is a mortgage foreclosure case. The appeal is from an order of the court overruling motions to set aside a judgment and decree of foreclosure and the order of confirmation and to permit the redemption of a part of the property sold. The question arises in this way: H. K. McLeod held two mortgages, and the notes which they secured, executed May 1, 1917, by the same mortgagor, Carl A. A. Hartman, one for $4,000, on the southeast quarter, and one for $5,000, on the southwest quarter, of a certain section. Hartman defaulted on both mortgages and they were foreclosed in one action in two counts, one count for each mortgage. In the judgment and decree rendered October 14, 1922, the court found the total sum due on both mortgages to be $9,985.86, and rendered a single judgment for that amount and decreed the whole sum to be a lien upon the half section. There was no appeal from this judgment. An order of sale was issued to sell the half section as one parcel to satisfy the judgment, the sheriff advertised the half section as one parcel for sale to satisfy the judgment, and on December 18, 1922, the land was sold at sheriff's sale to McLeod for the amount of the judgment plus taxes, costs and accrued interest. This sale was confirmed January 2, 1923, and a sheriff's certificate of

Judgments, 34 C. J. pp. 232 n. 87, 234 n. 92. Judicial Sales, 35 C. J. p. 52 n. 82. Mortgages, 27 Cyc. pp. 1665 n. 32, 1666 n. 44, 1674 n. 26, 29.

purchase was duly issued to the purchaser. McLeod sold and assigned the certificate of purchase to Sam Burling. Shortly before the expiration of the 18 months' period of redemption Hartman conveyed his equity of redemption in one of the quarter sections of land, the one which had been mortgaged for $4,000, to J. S. Trembley. On the last day for redemption Trembley attempted to redeem the one quarter section from the sale, and paid to the clerk of the court for that purpose the sum of $5,600, which sum, it is stipulated, is adequate if such a redemption is proper. He also notified the sheriff not to execute a deed to the holder of the certificate of purchase. The sheriff's deed was executed, however, to Sam Burling. On June 19 and 20, 1924, Trembley and Hartman filed separate verified motions to set aside the judgment and decree of foreclosure of October 14, 1922, and the order of confirmation of January 2, 1923. Trembley also filed a motion for the court to determine the amount necessary to redeem the one quarter section. These motions came on to be heard and were by the court considered and overruled. This appeal is from these rulings.

The error in this case was in the judgment and decree of foreclosure. It was error to adjudge the gross sum due to be a lien upon both quarter sections of land; the decree should have followed the mortgages in this respect. This error could have been corrected by appeal (R. S. 60-3302, *et seq.*), but no appeal was taken within six months (R. S. 60-3309) and it has become final. Perhaps it is the kind of an error which could have been corrected by the court at any time during the term at which it was rendered upon a motion directed to the sound discretion of the court calling his attention to such error. But no such motion was filed. The motions ruled upon were filed more than 18 months after the judgment and decree of foreclosure and after several terms of court had intervened.

Appellants argue that the error was an irregularity which could be corrected by motion under R. S. 60-3007. This was not an irregularity of the clerk. The clerk entered the judgment as rendered. The error or irregularity was one which inhered in the judgment, and the court would have no authority under this section to set it aside on motion filed after the term at which it was rendered. (*Lewis v. Woodrum,* 76 Kan. 384, 92 Pac. 306.)

Appellants argue that the judgment should be set aside because it was obtained by fraud. (R. S. 60-3007.) Passing the question

of whether there was fraud, the motions of appellants do not raise that question. It must be raised by petition, and summons. (R. S. 60-3011.)

Appellants argue that the judgment is void, hence can be set aside on motion at any time. (R. S. 60-3009.) The court had jurisdiction of the subject matter of the action and of the parties. Plaintiff asked for judgment in the aggregate and that the sum be decreed a lien upon all the land. Defendant Hartman had answered admitting the execution of the notes and mortgages and his default in payment. His answer contained allegations presenting an issue between himself and certain codefendants, not here important, but made no defense to any claim of plaintiff. The journal entry of the judgment and decree recited the appearance at the time of all the parties. So, the judgment rendered cannot be said to be entirely outside the issues. The fact that a party asks for more than he is entitled to receive, or that a court grants to a party more than he is by law entitled to receive, does not result in loss of jurisdiction. Such a judgment is erroneous, but not void, and the error must be corrected by appeal or other appropriate proceeding. (*Wyandotte County v. Investment Co.*, 80 Kan. 492, 103 Pac. 996.)

If this should be regarded as an irregularity, it was cured by the order confirming the sale. (16 R. C. L. 83, 85; 35 C. J. 51, 52.) So, for any of the reasons argued by appellants, there was no error in the court's rulings appealed from. We prefer, however, to base our decision upon the proposition that the error was one which inhered in the judgment of the court, that could be corrected only by a motion addressed to the sound discretion of the court at some time within the term at which it was rendered, or by appeal within six months.

The judgment of the court below is affirmed.