No. 29,696.

Olive J. Elfert, *Appellant,* v. Earl C. Elfert, *Appellee.*

(294 Pac. 921.)

Opinion filed January 10, 1931.

*John Madden* and *John Madden, Jr.*, both of Wichita, for the appellant.

*J. N. Tincher, Don Shaffer, F. Dumont Smith, Eustace Smith* and *Arthur T. Symns,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

SMITH, J.: In this case the plaintiff filed suit asking that a judgment theretofore rendered against her in a divorce action be vacated and set aside. A demurrer to the petition was sustained. Plaintiff appeals.

The petition of appellant in this case had practically all the proceedings in the action brought by her husband against her attached to it, and what proceedings were had later in that case were included in the abstract furnished, by appellee. The appellant urges that certain of the steps necessary to obtain service upon her by publication were not complete, and that there are other irregularities in the manner in which the judgment was obtained that render it void.

The first irregularity of which appellant complains is, that in the affidavit, which is necessary in order to obtain service by publication, where the affiant should have sworn that it was impossible to secure actual service of summons in this state, in this case the affidavit said, "It is impossible to secure actual service of summons upon the defendant *herein.*" The affidavit stated that defendant was a nonresident of Kansas and that her last known post-office address was in South Minneapolis, Minn., and was a substantial compliance with the statute. A motion for *a nunc pro tunc* order was made by the plaintiffs, asking permission to amend this affidavit by inserting in lieu of the word "herein" the words "in this state." This motion was allowed and the amendment made. This court held in the case *of Robinson v. Schappert,* 120 Kan. 309, 243 Pac. 290, as follows:

"Rule followed that where an affidavit to procure publication service on nonresident defendants inferentially states all the prerequisite facts to justify such service, such affidavit is not void, but, at most, voidable only; and by leave of court such affidavit may be amended after judgment to recite specifically a jurisdictional fact which theretofore was fairly included by inference in the matters alleged in the affidavit."

The affidavit in question was a sufficient compliance with the statute to confer jurisdiction on the court, provided other steps were properly taken.

The appellant points out two omissions with reference to the notice that was published following the making of the affidavit, commonly called the publication notice. The notice is to Olive Elfert and advises her that she has been sued for divorce, and that unless she answers by a certain day judgment for divorce will be taken against her. What appellant relies upon is that R. S. 60-2527 requires, among other things, this notice must contain a statement that unless the party to whom it is running answers by the day set out the petition will be taken as true. This statement was not in the notice in question. It contained a statement that unless answer was made by a certain day a judgment for divorce would be entered. This omission was in a matter of form only, and the notice was a substantial compliance with the statute and did not constitute a failure which would render the judgment void.

Appellant next attacks the length of time in which the publication was made. R. S. 60-2527 requires that this notice shall be published for three consecutive weeks in some paper authorized by law to publish regular notices. The publication in this case was on the 14th, 21st and 28th of August in the Hutchinson *News*. This was sufficient under the statute.

Appellant complains of the affidavit of attorney for the plaintiff as to the mailing of a copy of the petition to defendant with copy of the publication attached. R. S. 60-1504 requires that within three days of the date of the first publication a copy of the petition in the case, together with a copy of the publication notice, shall be mailed to defendant at her place of residence. Appellant complains that an affidavit stating that this had been done was not filed until answer day, more than three days after the first publication was made. He further complains that the affidavit does not state that a copy of the notice was inclosed with a copy of the petition. We are unable to see anything substantial in this

claim. The statute does not require that the showing as to mailing a copy shall be made in three days, only that the petition shall be mailed in three days, and the fact that the affidavit of the lawyer who did the mailing failed to state that the copy of the publication notice was inclosed is not conclusive that the notice was not inclosed.

R. S. 60-3317 provides "the appellate court should disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining. . . ." How could the substantial rights of the appellant have been affected by the failure of the lawyer who represented her husband in the divorce action to attach the copy of the publication notice to the petition? Should it appear from the record that on account of this failure she was not advised of the correct answer day, and when she attempted to answer she was out of time and judgment was taken against her by default, then she would have lost a substantial right thereby, and no doubt the court below would have permitted her to come in and answer. A substantial right means a right that might have changed the course or the result of the litigation. That is not the case here. The record shows that a copy of the petition was mailed to the appellant at her post-office address by registered mail and that it had never been returned. The appellant did not at once seek to ascertain when the answer day was, and did not tender or file an answer within such a short time as to indicate that she had been misled by the failure to inclose a copy of the notice. She waited several years, and now claims that she was wronged by the failure of counsel for appellee to attach this notice. At the most it appears that this omission, if it actually occurred, was a mere "technical irregularity," and does not constitute sufficient grounds for holding the judgment based thereon void.

In this case the plaintiff did not wait until the petition had been on file for sixty days before asking for a decree. Acting under the provisions of R. S. 60-1517, he filed an application asking the court to declare an emergency and hear the case at once. The court did this, and it is to the journal entry declaring this emergency that the appellant levels her next attack.

R. S. 60-1517 provides that "when an emergency is declared the court shall enter upon the records an order declaring an emergency, the precise nature of which shall be specifically stated in such

order, together with the substance of the evidence upon which it was based and the names of the witnesses who gave such evidence." The journal entry in question failed to comply with that statute in this respect. The appellee in this case, however, went into the original divorce case and secured a *nunc pro tunc* order meeting these requirements. Under the rule in the case of *Robinson v. Eubank,* cited heretofore in this opinion, that motion and order corrected any defects in the journal entry in question.

Appellant also complains that this emergency order and the decree of divorce were entered on answer day, and that the defendant had all that day in which to answer. Hence the decree was entered prematurely. The record does not disclose that she was there on answer day to file an answer or that she tendered any answer on that day. So we fail to see how she was harmed or deprived of any rights.

After consideration of all the alleged irregularities and omissions in the manner in which the service was had and judgment obtained in the original divorce case, we reach the conclusion that the judgment was not void.

The appellant evidently attempted to bring her case under the provisions of R. S. 60-2530 or R. S. 60-3007. R. S. 60-2530 provides that one against whom a judgment has been obtained without other service than publication in a newspaper may at any time within three years of the judgment or order be let in to defend. The judgment in the case at bar was entered September 25, 1924. The three years expired September 25, 1927. This court has held that a proceeding to open up a judgment under R. S. 60-2530 must be brought within three years of the entering of the judgment and may not be brought thereafter. (*Satterly v. Grubb,* 38 Kan. 234, 16 Pac. 475; *Wood v. Cobe,* 80 Kan. 496, 103 Pac. 101.)

R. S. 60-3007 provides that a judgment may be set aside, among other grounds, "for fraud practiced by the successful party in obtaining the judgment or order." The appellant in this case alleges in her petition that the plaintiff in the original divorce case practiced fraud upon the court, in that he made allegations in his petition that were false and untrue, and that any evidence he gave in support of said petition was corrupt and perjured. R. S. 60-3007 must be considered with R. S. 60-3008. That section refers to the time within which action to vacate judgments under the provisions of 60-3007 may be commenced and provides that proceedings to

vacate or modify a judgment for the causes in subdivisions 4, 5 and 7 of R. S. 60-3007 must be commenced within two years after the judgment was entered or order made. The subdivision in that section, which provides for vacating a judgment for fraud practiced, is 4. Therefore, the time for bringing an action to vacate the judgment in the case at bar under that section expired September 25, 1926, and this action was started too late. Appellant seeks to avoid the limitations of this statute by claiming that she did not discover the fraud that had been practiced upon the court in this case until a short time before bringing this action. However, in the case of *Blair v. Blair*, 96 Kan. 757, 153 Pac. 544, this court held that the limitation in R. S. 60-3008 was a limitation upon the court's power to act and could not be tolled in any manner whatever. Hence the fact that this fraud was not discovered until after a two-year period had passed does not avail the plaintiff in the case at bar.

Appellant also contends that this action should be treated as an equity proceeding to set aside the judgment on the ground of fraud. However, the fraud in this case that is alleged is intrinsic to the action, and under the rule laid down in *Potts v. West*, 124 Kan. 815, 262 Pac. 569, could not be used as a basis for an independent suit in equity. Since all these things appeared in the petition of plaintiff herein, we conclude that the judgment of the court was correct in sustaining a demurrer thereto. The judgment is affirmed.