No. 33,732

C. C. Harder and Ernest Harder, *Appellees*, v. A. W. Johnson, *Appellant*.

(76 P. 2d 763)

Opinion filed March 5, 1938.

*William H. Burnett* and *Arthur H. Snyder,* both of Hutchinson, for the appellant.

*Walter F. Jones* and *C. E. Chalfant,* both of Hutchinson, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover money. Judgment was for plaintiffs. Sometime subsequent to the obtaining of the judgment defendant filed a motion asking that it be vacated on the ground that it was void. This motion was denied. The appeal is from that order.

On July 28, 1924, plaintiffs filed a petition in which they alleged that defendant had conspired with another person to injure the title of plaintiffs to certain real estate by pretending that he was the agent of one of the plaintiffs and had authority to execute a contract to sell an interest in an oil lease on the land in question. The petition alleged that defendant did execute the contract to sell the interest in the oil lease and did place it on record; that he did this for the purpose of willfully injuring the title of plaintiffs to the land in question and that the action of defendant did damage plaintiffs. There was a second cause of action pleaded that had to do with a pretended contract to sell a royalty interest in oil and gas upon the same real estate. Both these causes of action pleaded that the contracts to which reference was made had been placed on record. The petition prayed for damages in the amount of $4,115.

Summons was issued and personal service had on defendant. On August 4, 1924, defendant filed a motion to require plaintiffs to make their petition more definite and certain. The trial docket kept by the trial court shows an entry on January 29, 1925, "motion sustained." This appeal is presented on the theory that there is no doubt but that this entry refers to the motion to require the petition to be made more definite and certain. At any rate, no amended petition was ever filed.

The journal entry in the case shows that on the 14th day of October, 1925, the case came on for hearing in court. This was nearly ten months after the ruling of the court on the motion to make more definite and certain. Two terms of court had elapsed in the meantime.

This journal entry further recited that on the day in question the case came on for hearing; that the plaintiffs appeared in person and by attorney and the defendant did not appear either in person or by attorney, although defendant Johnson had been served with a summons in person. The journal entry then recited that the cause stood in its regular order for trial; that the plaintiffs waived jury and the

trial was had to the court; that the plaintiffs introduced their evidence and rested, and the court, being fully advised in the premises, found that the allegations in the petition were true. Judgment was given against the defendant for $4,000 and costs.

Executions were issued on this judgment on October 19, 1929, and October 18, 1934. The first of the above executions was returned unsatisfied. An interest in some real estate was taken under the latter execution.

This real estate was sold to apply on the judgment. The period of redemption from sale of this real estate expired while the motion to set aside the judgment was pending. Just prior to the filing of the motion to set aside this judgment garnishment proceedings were instituted and funds due defendant from a third person taken thereunder. These funds have been paid into court and are being held awaiting the outcome of this action. This motion to set aside the judgment obtained on October 14, 1925, was filed June 28, 1937. All parties are agreed that in order for this motion to be allowed the judgment must be void. The question then is whether the judgment was void or merely voidable. If it was voidable only then the motion to vacate it had to be brought within three years of the obtaining of the judgment. (See G. S. 1935, 60-3007 and 60-3008.)

The rule is stated in 34 C. J. 514 as follows:

"By the weight of authority, whether a judgment is void or voidable is to be determined from an inspection of the record. If the record discloses the jurisdictional defect, the judgment is void; if it does not, the judgment is merely voidable."

In 15 C. J. 734 it is stated:

"The three essential elements of jurisdiction are: (1) The court must have cognizance of the class of cases to which the one to be adjudged belongs; (2) the proper parties must be present; (3) the point decided must be, in substance and effect, within the issue."

The above rules are conceded to be correct by both parties. When we apply them to this case we see at once that the action was for the recovery of a money judgment. Clearly the district court of Reno county had cognizance of such a case. We see, also, that personal service was had on the defendant and he had appeared generally. So there can be no doubt but that he was in court. In other words, the trial court had jurisdiction of the subject matter of the action and of the parties.

It is the third element set out above that defendant argues is lacking in this case; that is, he claims that the judgment was not

within the issues. He points out·that the motion to require the plaintiffs to make their petition more definite and certain had been sustained and that the record does not disclose any change of that order nor any compliance with it. The argument is that on account of the above there were no issues before the court at the time judgment was entered.

The question we have to decide is whether the circumstances stated constitute such a jurisdictional defect as to render the judgment void or merely an irregularity that could be corrected by appeal only.

In *Barnum v. Kennedy*, 21 Kan. 181, this court said:

"The parties, then, being both in court, and the court having jurisdiction of the subject matter, its judgment is valid as against any collateral attack. If the judgment was prematurely rendered, and without giving defendant the full statutory time for pleading, that is a matter of error, and not of jurisdiction; and error is corrected only by a reviewing court." (p. 183.)

To the same effect is the holding in *Wood v. Love*, (Tex.) 190 S.· W. 235. There the court said:

"If the judgment in plaintiffs' favor should be construed as one by default, it would not follow that Wood's contention that it was erroneous as to him should be sustained, because he had filed an answer to their suit. It does not appear from anything in the record . . . that the attention of the trial court was called to the fact that he had filed an answer; or that he asked that the judgment be set aside at the term during which it was rendered. It has often been held that under such circumstances a judgment by default will not be disturbed."

See, also, *Garner v. State*, 28 Kan. 790; also, *Brumbaugh v. Wilson*, 82 Kan. 53, 107 Pac. 792.

The statute contemplates the setting aside of judgments where an irregularity appears in the record. (See G. S. 1935, 60-3007.) The statute provides, however, that such relief must be sought within three years of the time the judgment was obtained. A much longer time than that has elapsed in this case. This case is a good. example of the reason for the provision in the statute for the three-year limitation. The judge before whom the case was tried is dead. One of the plaintiffs is dead. No doubt it would be difficult, if not impossible, for the plaintiff to marshal the evidence necessary to prove the cause of action he pleaded so many years ago. No unfair advantage is being taken of defendant. It appears that there was a docket setting for the September, 1925, term of the district court; that this case was on it assigned for trial on October 14. The court

reporter makes an affidavit that he made this setting under the direction of the court and that he sent a copy of it to each of the practicing attorneys in Hutchinson. The attorney who filed the motion for the plaintiffs to make the petition more definite and certain was a member of the bar at Hutchinson at that time.

Defendant argues that the petition was insufficient to support a cause of action for special damages even though the defendant had not appeared. This contention is answered by the following rule in *Rowe v. Palmer*, 29 Kan. 337:

"It is not necessary for us to decide whether the petition states such a cause of action as would be good if challenged by a demurrer. If it contains sufficient matter to challenge the attention of the court as to its merits, and such a case is thereby presented as to authorize the trial court to deliberate and act, a judgment rendered thereon is not void. From the petition and notice by publication the court acquired jurisdiction; thereafter it had the right to decide every question that occurred in the cause, and whether its decisions be correct or not, its judgment until reversed must be regarded as binding." (p. 340.)

If this argument of defendant should be held good a party could wait many years and then file a demurrer and cause it to be considered and passed on just as though he had filed it within time. Such a holding would fly in the face of the provisions of the statute cited above, that irregularities must be corrected within three years.

We are not called on to say just what our holding would be had a demurrer been leveled at the petition in this case and overruled by the trial court. Such was not done. There was enough pleaded in this petition so that the court could deliberate and act intelligently. The court was able to determine the merits of the claim of plaintiffs.

The judgment of the trial court is affirmed.