No. 33,943

Ada M. Reinhart, *Appellant*, v. James A. Reinhart, *Appellee*.

(83 P. 2d 628)

Opinion filed November 5, 1938.

*Ray H. Tinder*, of Wichita, for the appellant.
*Paul W. Schmidt*, of Wichita, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This action was a special proceeding to set aside as voidable, and for lack of jurisdiction a decree of divorce granted in another action between the same parties in the same court more than six months prior to the commencement of this action.

The first ground alleged in the petition in this special proceeding

is not here for consideration on this appeal, but is briefly stated as the practice of "extrinsic fraud" by the defendant upon the court and the plaintiff, and that he thereby became the successful litigant in fact, notwithstanding the decree of divorce was in favor of the wife, the plaintiff. The second allegation in this proceeding was as follows:

"That the defendant by threats and intimidations prior to trial and the judgment, decree and orders herein referred to, compelled and induced this petitioner at the time of trial against her will to amend the prayer in the above-entitled action for separate maintenance and support, and to pray for divorce from the defendant, which she did in fear," etc.

The answer consisted of a general denial and an allegation about the plaintiff having in the former action filed a motion for a re-hearing as to property, which was the same in substance as the petition in this action, and that she later withdrew such motion and signed and approved the journal entry in the case, thereby barring and estopping her from maintaining this special proceeding.

After the overruling of a demurrer to this answer the plaintiff filed a reply, and the defendant moved to strike out the first paragraph thereof, which alleged want of jurisdiction to render a decree of divorce in the earlier case, and, also, eight subdivisions under the first paragraph, all having reference to the petition in the original case being one for permanent alimony and separate maintenance for her and the children; also referring to the failure to comply with the statutory requirement (G. S. 60-1517) of sixty days intervening between the filing of a suit for divorce and the hearing therefor, unless an emergency is found and declared by the trial court; the changing at the time of the trial from permanent alimony to divorce, which had not been mentioned in any of the pleadings prior to that time and no emergency having been declared; and to irregularities in the judgment as rendered in such former action. The trial court in this action sustained the motion to strike out all these matters in the reply, and from that ruling the plaintiff appeals, regarding the ruling as upon a demurrer.

The trial court heard evidence upon this motion, and in the form of an opinion found therefrom that the petition for separate maintenance was amended to one for divorce within sixty days prior to the hearing of the divorce suit, that negotiations were had for more than sixty days before the hearing, but plaintiff did not consent to the making of such amendment until within sixty days prior to the hearing. No emergency was found, and for general information it

should be stated that the amendment made in the prayer of the earlier petition was by substituting the words "a divorce" instead of the words, "separate maintenance," and the wife was granted a divorce, the care and custody of the two minor children, a judgment for a lump sum of money payable at the rate of $60 per month until paid, the ownership of the home where they had been living, which was subject to a mortgage, and a monthly allowance for the support of the children. No .appeal was taken from that decree.

The bringing of a new action to set aside such a final decree on account of fraud practiced by defendant is the approved plan instead of a motion in the original action, as was held in *Booth v. Booth*, 114 Kan. 377, 219 Pac. 513.

Appellant urges the matter of the disregard of the requirement of G. S. 1935, 60-1517, as to the hearing in a divorce suit being at least sixty days after the filing of the petition, and cites *Hipple v. Hipple*, 121 Kan. 495, 247 Pac. 650, and *Elfert v. Elfert*, 132 Kan. 218, 294 Pac. 921, in both of which cases the court upheld the statutory requirement, but in the former case recognized the asking for a divorce by the defendant in a cross petition filed more than sixty days before the hearing as a substantial compliance. In the Elfert case the service was by publication and the hearing was had in less than sixty days, but an emergency was declared, though not shown in the journal entry, and the irregularity was in correcting that omission by a *nunc pro tunc* order. The opinions in both cases recognized the necessity of a substantial compliance with the statutory requirement.

In the same connection our attention is directed to the next preceding section of the general statutes, which provides that the wife may obtain alimony from the husband without a divorce, in an action brought for that purpose, for any of the causes for which a divorce may be. granted. That was the way the former case was brought, and the grounds alleged for alimony were extreme cruelty and gross neglect of duty.

Appellant cites *Steele v. Duncan*, 47 Kan. 511, 28 Pac. 206, and *McLeod v. Hartman*, 123 Kan. 110, 253 Pac. 1094, where judgments were asked to be set aside because of fraud in obtaining them. The first was by petition in a second action, and the second was not sustained because the question was raised in the same case.

The allegations contained in the reply in this case, which were stricken out, were not allegations of fraud but tended to show want of jurisdiction. As stated above, the allegation of extrinsic fraud in the petition is not now before us.

The appellee urges that the jurisdiction of the district court to grant a divorce was determined by the allegations of the petition and not by the prayer or the amendment thereof, citing *Smith v. Smith,* 67 Kan. 841, 73 Pac. 56, and *Webster v. Broeker,* 97 Kan. 219, 155 Pac. 15, which go far toward holding that, in determining the question of jurisdiction of the court, it is the cause of action stated and not the relief prayed for which controls. The Smith case is exactly like the one at bar, but in the ruling in the Broeker case attention is called to the statutory provision making the prayer a necessary part of a petition, although not a part of the cause of action. In the Smith case it was insisted that where the facts pleaded warranted more than one kind of relief, plaintiff should have only such relief as prayed for, as the defendant might be misled and not know the ultimate and true purpose of the action. It was held that "he knew from the allegations of the petition that she might obtain a divorce." The question of sixty days intervening between the filing of the suit and the hearing thereof was not raised in the Smith case, that requirement not being enacted at that time.

It was said in the case of *Snehoda v. National Bank,* 115 Kan. 836, 840, 224 Pac. 914, "that an amendment to a prayer of a petition is seldom an important matter and never an essential one to the correct administration of justice," referring to the ruling in the case of *Eagan v. Murray,* 102 Kan. 193, 170 Pac. 389, which is as follows:

"The prayer of a petition is merely the pleader's idea of the relief to which he is entitled; it is not a part of the statement of the cause of action; and if the cause of action is sufficiently stated and sufficiently proved, the court will adjudge and decree the proper legal redress, which may or may not conform in whole or in part to the relief prayed for by the pleader." (Syl. ¶ 2.)

It was also said in *Staley v. Espenlaub,* 127 Kan. 627, 274 Pac. 261, that "the prayer of a pleading may always be looked to as an aid to interpretation." (p. 634.)

It should be observed also that the prayer in the case at bar went further than asking for separate maintenance, which was later changed to divorce, but it also asked "and for such other and further equitable relief as to the court may seem fit and proper." But, regardless of this proposition, we have before us, and so did the trial court have before it, the all-important and superior question of the jurisdiction of the court.

The allegations of the original petition with the prayer for separate maintenance gave the court jurisdiction of persons and the sub-

ject matter. So did the amended petition which prayed for a divorce. The court had unquestioned jurisdiction, both before and after the amendment, so we do not need to further consider the effect of the change of the prayer as a jurisdictional matter. The only serious contention in that part of the case now before us for review is the validity of the divorce judgment and decree which was rendered prior to sixty days after the filing of a petition for divorce. Even if that should make the judgment voidable or erroneous, is the plaintiff now by this reply in a position to raise the matter of the jurisdiction of the trial court when she brought the case and afforded the court jurisdiction of the subject matter and also of the persons, and can she question the jurisdiction of the court to render the judgment from which she has been accepting and receiving the fruits and benefits? In the case of *Kirby v. Kirby*, 143 Kan. 430, 55 P. 2d 356, it was held that—

"A party cannot invoke the jurisdiction and power of a court for the purpose of securing important rights from an adversary through its judgment, and after obtaining some relief, repudiate the action of that court on the ground it was without jurisdiction." (Syl. ¶ 4.)

This ruling was made in a divorce action where the plaintiff had, as such, brought a similar action in another jurisdiction and later attempted to abandon it, but judgment therein was rendered in favor of the husband before the trial was had in the Kansas case.

The case of *Bledsoe v. Seaman*, 77 Kan. 679, 95 Pac. 576, is also along the same line, where the wife pleaded in a second action that the court in the earlier action for divorce brought by her had no jurisdiction on account of the residence of the parties. It was there held:

"When both parties to a suit for divorce appear in the court of another state and submit to its jurisdiction, and after trial on the merits a decree is obtained, the party in whose favor the decree is granted will not be permitted, in an action subsequently commenced in this state, to impeach such decree on the ground that at the time the suit was commenced and the decree entered neither party resided in that state but both were residents of this state." (Syl. ¶ 1.)

Neither can one raise the question of the jurisdiction of the court to render the judgment it did when such jurisdiction was invoked by such person and some of the benefits thereof were accepted and received by such party. (*Bierce v. McNinch*, 115 Kan. 542, 223 Pac. 1110.)

We conclude that the ruling of the trial court was correct in sustaining the motion to strike out parts of the reply, which motion was equivalent to a demurrer to that part of the reply.

The judgment is affirmed.