No. 39,234

MILDRED H. MOELLER, *Appellee,* v. GEORGE F. MOELLER, *Appellant.*

(267 P. 2d 536)

Opinion filed March 6, 1954.

*Howard E. Payne,* of Olathe, argued the cause and was on the briefs for appellant.

*John Anderson, Jr.* of Olathe, argued the cause and *G. A. Roberds,* of Olathe, was with him on the briefs for appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action to set aside a decree in a divorce case. It is predicated on that portion of G. S. 1949, 60-3007, fourth clause which reads:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: . . . *Fourth.* For fraud, practiced by the successful party, in obtaining the judgment or order."

It was brought within the time authorized by 60-3008, and in the manner authorized by 60-3011. The appeal is by defendant from the order of the trial court overruling his demurrer to plaintiff's second amended petition.

The decree sought to be set aside was dated October 24, 1950, in an action in which George F. Moeller (defendant here) was plaintiff and Mildred H. Moeller (plaintiff here) was defendant in case No. 18,478 in the district court of Johnson county. That decree disclosed that the plaintiff had withdrawn his petition in that case; that the defendant had filed an answer which contained a general denial of all the allegations of misconduct charged against her in the petition with a prayer that plaintiff take nothing and asked for no affirmative relief. She had also filed a cross petition principally devoted to allegations respecting the property of the parties, the values placed thereon being in excess of $160,000.00 but which contained no prayer for relief of any kind. No reply had been filed thereto. The decree granted a divorce to the defendant (plaintiff in this action) and required plaintiff to pay defendant $20,000.00 and gave to him all the remainder of the property.

The first petition filed in this case, No, 19,129, in the district court was filed on August 29, 1951. To this petition the defendant filed a motion to make it definite and certain in several particulars. This motion was sustained in part as a result of which the plaintiff filed an amended petition on December 4, 1951. On January 24, 1952,

the plaintiff filed a demurrer thereto. This was heard by the court on December 17, 1952, and taken under advisement and on January 9, 1953, the demurrer was sustained, the court used the following language:

". . . The court having heard the arguments of counsel and having examined the authorities cited, and being well and fully advised in the premises finds that defendant's demurrer to plaintiff's first amended petition should be and the same is by the court sustained.

"The court further finds that the plaintiff herein shall be allowed ten days from the 9th day of January, 1953, in which to file her second amended petition."

On January 14, 1953, within the time allowed by the court, the plaintiff filed her second amended petition. On January 16, 1953, the defendant filed his demurrer and motion to strike the second amended petition upon the grounds: (1) that the court had no jurisdiction of the subject matter of the action; (2) that the plaintiff had no legal capacity to sue; and (3) that plaintiff's second amended petition failed to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. This demurrer and motion to strike was presented to the court on May 5, 1953, and taken under advisement. On June 29, 1953, the court made an order overruling defendant's demurrer and motion to strike plaintiff's second amended petition. The appeal is from that order.

In appellant's abstract the specification of errors read:

"1. The district court erred in overruling the demurrer and motion to strike, of the defendant, leveled at plaintiff's second amended petition, and the alleged first cause of action, in said petition.

"2. The district court erred in overruling the demurrer and motion to strike, of the defendant, leveled at plaintiff's second amended petition, and the alleged second cause of action, in said petition."

In appellant's brief the question involved is stated as follows:

"Appellant brings here to this court for review, the correctness of the lower court's ruling in overruling appellant's demurrer and motion to strike appellee's second amended petition."

It is to be noted the specification of errors do no more than state that the court erred in its ruling. This is substantially restated in the brief. We have frequently held that statements by appellant such as the above do not state any legal questions for our review. See *Lambeth v. Bogart*, 155 Kan. 413, 125 P. 2d 377, and cases cited p. 415.

However, ignoring that, counsel for appellee state the questions involved as follows:

". . ., the issues are: (a) whether an amended pleading filed within time allowed by the court after sustaining a demurrer is barred by the statute of limitations where the amended pleading does not constitute a departure from the cause of action set forth in the former pleading, (b) whether the allegations of the second amended petition plead extrinsic fraud and a fraud upon the trial court rather than intrinsic fraud, and (c) whether the appellee has proper status as plaintiff in such an extrinsic fraud action to vacate a judgment."

In this court the appellant stresses the statute of limitations and points out that the decree sought to be vacated was rendered by the trial court on October 24, 1950, and that appellee's second amended petition was filed January 14, 1953. He also calls attention to our statute G. S. 1949, 60-3008, hereinbefore mentioned, that an action such as this, ". . . must be commenced within two years after the judgment was rendered or order made. . . ." In support of this argument counsel cite *Smith v. Veeder Supply Co.*, 137 Kan. 124, 19 P. 2d 699. In that case after the statute of limitations had run the plaintiff confessed a general demurrer which had been filed to his petition and later asked and obtained leave to file an amended petition more than six months after the statute of limitations had expired. A demurrer and motion to strike this amended petition was overruled; defendant appealed and the ruling was reversed. In the course of the opinion the court stated the rule to be as follows:

". . . If the first petition alleges in general a cause of action, but does so imperfectly and with insufficient detail, and the amended petition is only an enlargement of the averments of the original by setting out more definitely that which was pleaded in general and does not set up a new cause of action, the fact that the statute had run when the amended petition was filed is not a bar to a recovery, as in such a case the amended petition relates back to the filing of the original one. (*Railway Co. v. Moffatt*, 60 Kan. 113, 55 Pac. 837; *Service v. Bank*, 62 Kan. 857, 62 Pac. 670; *Railroad Co. v. Sweet*, 78 Kan. 243, 96 Pac. 657; *Taylor v. Railway Co.*, 81 Kan. 232, 68 Pac. 691.) However, if a cause of action is not pleaded in the original pleading, and the statute had run before the amended petition was filed, a different rule applies. Here the demurrer to the original petition challenging its sufficiency alleged that it did not state a cause of action against defendant. This question was submitted to the court, and thereupon plaintiff confessed that it did not set forth a cause of action, and the court then sustained the demurrer."

In *Waddell v. Woods*, 160 Kan. 481, 163 P. 2d 348, it was held:

"Where a previousy-filed petition does not sufficiently allege any cause of action, and the applicable statutory period of limitation expires before an amended petition is filed, any cause of action alleged in the amended petition is barred by the statute of limitations."

The opinion is specially thorough in its treatment of the question and its several phases and finally gets down to the question of

examining the first petition which was filed within the period of the statute of limitations and the amended one which was filed later to determine whether these first petitions stated a cause of action and the second was only an enlargement of causes of actions so stated or whether the last petition states a new and different cause of action.

This doctrine has been restated in many of our cases; for example, in *Springer v. Roberts,* 151 Kan. 971, 101 P. 2d 908, it was *held:*

"Amendments to a petition which amplify a cause of action imperfectly pleaded, or which substitute a correct for an erroneous statement of facts relied on for recovery, ordinarily relate back to the commencement of the proceeding, but where the amendment sets forth a new cause of action the statute of limitations continues to run until the amendment is filed."

See, also, *Smith v. LaForge,* 170 Kan. 677, 228 P. 2d 509; *Maddox v. Neptune,* 175 Kan. 465, 264 P. 2d 1073; and, *Hoffman v. Hill,* this day decided.

In view of this general rule we shall not take space to review all the cases cited. In many of them the first petition was filed after the statute of limitations had run; in others it is clear that the first petition did not state a cause of action; many of the cases held that unless the petition states a cause of action within the period of the statute of limitations an amended petition filed after the statute has run will not sustain an action.

Our statute G. S. 1949, 60-756, provides: "The plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceedings; . . ."

In this case no answer had been filed so the plaintiff was entitled to file the amended petition. Our statute G. S. 1949, 60-761, provides: "If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court or judge in its discretion shall direct." In this case the court permitted the amendment at the time he sustained the demurrer to the amended petition.

In *Harmon v. James,* 146 Kan. 205, 69 P. 2d 690, a demurrer had been sustained and plaintiff was given twenty days within which to file an amended petition. He filed it with leave of the court about thirty days later and in a subsequent term of court. It was held the court had authority to permit it to be filed at that time since no final judgment had been rendered in the case. This was copied with approval in *Baldwin v. Fenimore,* 149 Kan. 825, 89 P. 2d 883, and it was found there that where the amendment did not change the

original cause of action the bar of the statute of limitations did not apply. (p. 834.)

In harmony with the decisions hereinbefore cited we shall sketch the petitions filed herein briefly for the sole purpose of determining whether the amended petition and second amended petition stated a new cause of action or simply amplified the cause of action stated in the original petition. The petition originally filed August 29, 1951, was in two causes of action. This alleged that the plaintiff in this case was defendant in a previous case No. 18,478 in the same court in which defendant here was the plaintiff, in which judgment was rendered as shown by journal entry of judgment, a copy of which was attached as an exhibit, which judgment was procured by the connivance and fraud on the part of George F. Moeller in that: He had personal and exclusive knowledge relating to the cause and the facts relative to all the property of the parties and the value thereof and by connivance and fraud made misstatements and misinformed and misled this plaintiff concerning the property and the value at a time when the parties. were in the process of settling their property rights and by his connivance and fraud and untruthful statements regarding the property and the rights thereto he induced plaintiff to accept a settlement by which the plaintiff was defrauded and damaged and suffered great losses; that plaintiff had a right to rely upon him and did rely upon such statements and believed them to be true and that without such fraudulent statements, inducements and connivance, which this petitioner had no means of knowing or suspecting, she would not have sustained the great loss of her property rights in case No. 18,478. It is further alleged that the plaintiff had a meritorious defense to that action including the attempted stipulation of property settlement. The prayer was that the judgment of the court returned in case No. 18,478 be vacated and set aside.

In the second cause of action plaintiff makes all the allegations of the first cause of action in part thereof and alleges that by the reason of conniving, inducements and fraudulent statements of George F. Moeller in case No. 18,478 the judgment of the district court sitting in said cause was fraudulently imposed upon and that the decree of said court was set out in such a manner that this plaintiff, defendant in case No. 18,478, was divorced from George F. Moeller notwithstanding the fact that no prayer for divorce or separate maintenance was made by her; that at no time had defendant

in that action, plaintiff in this action, desired to be divorced from George F. Moeller and that in her pleadings in case No. 18,478 she never did pray for a divorce. It was further alleged that George F. Moeller did not, at the time of the filing of his petition in case No. 18,478 have any evidence against this plaintiff that would be the basis for an order of the court granting unto him a decree of divorce from this plaintiff and the said George F. Moeller, well knowing that he had no grounds for securing a divorce, fraudulently connived and schemed and planned and arranged, without the knowledge or consent of this plaintiff that instead of a decree of divorcement being granted unto him as plaintiff in case No. 18,478 an order of the court was made attempting to grant a divorce to this plaintiff, defendant in case No. 18,478. She further alleged that at the hearing of that case she did not know the legal effects of the proceedings had in court which was dated October 24, 1950, and which included a decree of divorce. The prayer was that the decree be set aside.

No demurrer was filed to that petition. Had there been a trial thereon and judgment rendered for the plaintiff we think it could not have been held void because of the insufficiency of the petition. Defendant did file a motion to make that petition more definite and certain. This instrument is not before us. We are told it was sustained in part and overruled in part.

An amended petition was filed on December 4, 1951. This also was in two causes of action. This repeated in slightly different language quite magnifying the allegations of fraud charged in the first cause of action in the petition and stated with whom the defendant in this action had connived; namely, plaintiff's attorney, whose name was stated, and stated several facts and representations alleged to be fraudulently made by each of the parties; that is, George F. Moeller and her attorney in the divorce case which caused her to agree to a settlement of property and which caused the court to grant a divorce to her which she had not wanted, a fact which was known both by her husband and her attorney in that action.

The second cause of action in the amended petition alleged further facts and representations of the defendant here, who was plaintiff in that action, and of her attorney which were alleged to constitute an imposition upon the court and caused the court to grant a divorce to her which she never wanted and had so advised her attorney and her husband. Examining this amended petition

we conclude that had an answer been filed and a trial had thereon and the judgment rendered for plaintiff there would have been no reason to set aside because of the inadequacy of the petition. Defendant was not satisfied with that and filed a demurrer to each count thereof. Upon the hearing of that demurrer it was sustained by the court who gave plaintiff ten days in which to file an amended petition. No judgment disposing of the case was made by the court as previously noted by G. S. 1949, 60-761, authorizing the court to sustain that demurrer and to do so on what terms as the court thought proper. The term the court thought proper in this case was to permit the plaintiff to file an amended petition which was done within the time allowed by the court. No final judgment was rendered.

We are not advised of the arguments of counsel when that demurrer was submitted to the court but judging from the allegations of the second amended petition defendant regarded the amended petition not to be sufficiently explicit in details. The second amended petition is also in two causes of action. The first cause of action, as in the two previous petitions, sought to set aside the decree and judgment of the court in case No. 18,478 because of the fraud of the defendant George F. Moeller and his alleged connivance and misstatements with plaintiff's attorney and the connivance of the two of them together more fully and in detail than had been alleged in the original petition or in the amended petition. However, it did not attempt to state any new cause of action. In the second cause of action in the second amended petition the allegations were simply an enlargement of those previously made tending to show that her husband and her attorney had imposed upon the court and caused the court to grant a divorce to her for which she had never asked and never wanted; a fact fully known by her husband and her attorney. No new cause of action was attempted to be alleged. The result is that it related back to the amended petition which was filed within the period of the statute of limitations as it did to the original petition which was also filed within the period of the statute of limitations. Appellant's contention that plaintiff's second amended petition was barred by the limitation of our statute G. S. 1949, 60-3008, is without merit.

Counsel for appellant argues that the second amended petition does not state a cause of action. He makes an extended argument between intrinsic and extrinsic fraud. We need not worry about that here. The second amended petition pleads much that is extrinsic fraud. Counsel for appellant argues that the second cause of

action as stated in the second amended petition stated no ground for the relief sought. Our view is to the contrary. The record discloses that in case No. 18,478 George F. Moeller had filed a petition in which he prayed for a divorce. When the case was called for trial he withdrew his petition. That left no pleading on file in which either party asked for a divorce. The only prayer of defendant was to her answer in which she prayed that plaintiff take nothing. She did file what was denominated a cross-petition but that as previously noted and stated the property of the parties and placed a value thereon which was stated as $160,000.00, yet the court gave her only $20,000.00 to be paid to the clerk of the court in payments of $5,000.00 each twelve months apart. In this petition she alleges that she never took down any of those payments which were deposited with the clerk. She does allege that she took some household goods and silverware but that she did so under a special order of the court. Appellant argues that the cross-petition filed by the defendant in the divorce case fully gave the court authority to grant a divorce. We think not. It contained no prayer for divorce or any other affirmative relief. Counsel for appellant say the prayer is not part of the petition and quotes one of our opinions in which that had been said. This statement is not accurate. The statute, G. S. 1949, 60-704, makes it a part of the petition. There was no petition for divorce before the court. The court did have jurisdiction of the parties and has jurisdiction of an action for divorce, G. S. 1949, 60-1501, but it had no petition for divorce by defendant and plaintiff's petition had been withdrawn. We think the allegations, both of the first and the second cause of action and the second amended petition, are ample to give the court jurisdiction to grant the relief prayed for.

Counsel for appellant refer to one paragraph in the cross-petition filed by the defendant in the divorce case which reads:

"That defendant has properly demeaned herself as the wife of said plaintiff but that said plaintiff, disregarding his marriage vows, duties and obligations, has been guilty of gross neglect of duty and extreme cruelty and defendant is entitled to be divorced from the plaintiff for his fault."

It is argued this is a sufficient basis for the court to grant a decree of divorce even though there is no prayer for divorce in the cross petition. We think this view is erroneous. In the first place one of the frauds alleged is that this plaintiff, defendant in the divorce case, was never permitted to see the cross petition which was signed by her attorney only and she did not know what

it contained. She further alleged that she never did want a divorce from the plaintiff; had no evidence to support one but the most she wanted at any time was separate maintenance. Had the prayer to this cross petition been intelligently made for alimony only the allegation would have been appropriate. See G. S. 1949, 60-1516. We think the court would have not been justified in granting either a divorce or alimony only without a prayer to the cross petition in which the relief sought was stated.

. If the cross petition of defendant should be construed as one for divorce, which we think it never was, some attention should be given to our statute G. S. 1949, 60-1517, which provides:

"No hearing shall be had in a divorce suit until, at least, sixty days after the filing of the petition . . ."

unless the court declares an emergency. See, *Busch v. Busch*, 165 Kan. 132, 193 P. 2d 171; *Boring v. Boring*, 155 Kan. 99, 122 P. 2d 743; *Hipple v. Hipple*, 121 Kan. 495, 247 Pac. 650, at p. 499 and 500; *Elfert v. Elfert*, 132 Kan. 218, 294 Pac. 921, and the comments on the two cases last cited in *Reinhart v. Reinhart*, 148 Kan. 542, 83 P. 2d 628, at p. 544.

Appellant argues that the appellee cannot be heard to impeach the judgment and decree, and cites *Reinhart v. Reinhart*, 148 Kan. 542, 83 P. 2d 628. In that case the wife was plaintiff in an action against her husband for separate maintenance based upon allegations of extreme cruelty and gross neglect of duty. Later by leave of court she amended the prayer of the petition by substituting the words "a divorce" for the words "separate maintenance" and recovered a judgment for divorce and received some of the benefits of alimony awarded her thereunder. The case is not in point here.

In appellant's brief summarizing the allegations of the second cause of action and stating there is no suggestion in these allegations or in the entire petition that the court did not have:

1. Jurisdiction of the parties;
2. Jurisdiction of the cause of action;
3. Power to render the decree;

and say that under such conditions this judgment is not void, citing *Johnson v. Schrader*, 150 Kan. 545, 549, 95 P. 2d 273. The first syllabus in that case reads:

"Where a party institutes an action in a district court of a particular county to partition lands within the county, and the defendants file their answers, and the court thereafter renders a judgment within its power, the judgment is not void."

In *Sheridan County Comm'rs v. Acre,* 160 Kan. 278, 284, 160 P. 2d 250, the court had occasion to treat the question of the jurisdiction of the court to render a particular decision and stated it depends on three things:

"(1) The statutory authority of a court to entertain and decide questions which arise in the kind of action which was brought, ... (2) Jurisdiction of the person ... (3) In order to render a particular judgment the pleadings should present the question to be decided as an issue to be determined in the case ..."

In *Harder v. Johnson,* 147 Kan. 440, 76 P. 2d 763, the court quoted with approval from 34 C. J. 514, as follows:

"By the weight of authority, whether a judgment is void or voidable is to be determined from an inspection of the record. If the record discloses the jurisdictional defect, the judgment is void; if it does not, the judgment is merely voidable."

and from 15 C. J. 734, the court quotes:

"The three essential elements of jurisdiction are: (1) The court must have cognizance of the class of cases to which the one to be adjudged belongs; (2) the proper parties must be present; (3) the point decided must be, in substance and effect, within the issue."

In *Behee v. Beem,* 156 Kan. 115, p. 118, 131 P. 2d 675, the court quotes with approval from 14 Am. Jur. 367, as follows:

"A universal principle as old as the law is that the proceedings of a court without jurisdiction are a nullity and its judgment without effect either on the person or property. In other words, a court without jurisdiction over a case cannot enter judgment in favor of either party. It can only dismiss the case for want of jurisdiction. Hence, it is a principle of natural justice that before the rights of an individual can be bound by judicial sentence, he shall have notice, either actual or constructive, of the proceedings against him, or, in other words, that the court shall have jurisdiction. A judgment will not be entered against a party not brought before the court. This rule applies alike to personal actions and proceedings in rem, although as to proceedings in rem personal service on a party is not ordinarily an absolute necessity for the purpose of binding the property."

and also from 21 C. J. S., p. 161, as follows:

"Jurisdiction of the subject matter cannot be conferred by estoppel; but one who invokes or consents to a court's jurisdiction is estopped to question it on any ground other than the court lacks jurisdiction of the subject matter.

"Jurisdiction of the subject matter cannot be conferred upon a court by, or be based on, the estoppel of a party to deny that it exists."

We think the court properly overruled the demurrer to the second amended petition and its judgment is affirmed.