MYRTLE HOWELL V. PERRY HOWELL, *Appellee*, (J. H.
·HERIFF, Intervenor, *Appellant*).

No. 17,672.

HEADNOTE BY THE REPORTER.

DIVORCE — *Intervention by Third Party — Refused — Appeal.*
Where in the cross-petition for a divorce a third party is
named and witnesses testify as to his relations with plaintiff,
such third party has no right to intervene and challenge the
validity of the proceedings in the district court, nor is he
entitled to a review of the ruling of that court on his petition.

Appeal from Neosho district court. Opinion filed
June 8, 1912. Dismissed.

*J. H. Herriff*, for the appellant.

*Per Curiam:* In this action Myrtle Howell asked for
alimony from her husband. He answered and asked
for a divorce on various grounds, including adultery.
A divorce was granted because of the fault of the
wife. In the cross-petition J. H. Herriff was named
and on the trial witnesses spoke of his relations with
the plaintiff. After the judgment Herriff filed a
petition in the district court stating that an injustice
had been done to him and his reputation, and asking to
intervene and be permitted to show that the court had
no jurisdiction to try the case and that its judgment
was a nullity because, among other things, the plain-
tiff had not resided in the state a year preceding the
commencement of the action. The court refused the
application and the petitioner undertakes to appeal
from the ruling. He had no right to intervene in the
district court and has no standing to take an appeal.
The English practice of allowing a third person,
charged with having illicit relations with a party to a
divorce action, to intervene in order to protect his
reputation and character, has not been authorized or
adopted in this state. It does appear that a wrong

interpretation was placed on sections 664 and 667 of the civil code. Under these sections a party asking a divorce must, in any event, have been an actual resident, in good faith, of the state one year preceding the filing of his petition. The Howells, it seems, had not resided in Kansas the required time, and hence the court had no jurisdiction of the divorce proceeding. But, although the court lacked the power to adjudicate as to the divorce, the petitioner, not being a party to the action, had no standing to challenge the validity of the proceeding in the district court nor is he entitled to a review of the ruling of that court on his petition.

The proceeding is dismissed.