ANNA C. ASLING, *Appellant,* v. ELI F. ASLING, *Appellee.*

No. 17,867.

SYLLABUS BY THE COURT.

DIVORCE—*Residence of Plaintiff—One Year in the State.* The plaintiff may bring an action for divorce either in the county of his residence or in the county in which the defendant resides or may be summoned, but in any case the plaintiff must have been an actual resident in good faith of the state for one year before the filing of his petition.

Appeal from Dickinson district court. Opinion filed December 7, 1912. Affirmed.

*S. S. Smith,* of Abilene, for the appellant.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal involves the question whether a plaintiff must have a residence in the state for the period of a year prior to the bringing of an action in order to confer jurisdiction upon a court to grant a divorce. The appellant, a resident of Nebraska, brought an action in Dickinson county against the appellee, a resident of that county, asking for a divorce, alimony and the custody of a minor child. The court refused a divorce, holding that residence in the state for a year prior to the filing of the petition was essential to her right to maintain the action.

Under the statute as it existed prior to the enactment of the new code no one doubted that actual residence in the state by the plaintiff for a year was a prerequisite to the maintenance of an action. That statute provided:

"The plaintiff in an action for divorce must have been an actual resident in good faith of the state for one year next preceding the filing of the petition, and a resident of the county in which the action is brought at the time the petition is filed." (Gen. Stat. 1901, § 5133, Old Civ. Code, § 640.)

The section as amended by the legislature of 1909 reads:

"The plaintiff in an action for divorce must have been an actual resident in good faith of the state for one year next preceding the filing of the petition, and a resident of the county in which the action is brought at the time the petition is filed, unless the action is brought in the county where the defendant resides or may be summoned." (Civ. Code of 1909, § 664.)

It is argued that the added clause changed the section so that a nonresident plaintiff may bring an action in any county of the state where the defendant resides or may be summoned. Under that interpretation a divorce might be granted although neither of the parties were domiciled in the state because the amendment

Asling v. Asling.

makes service of the summons in a county the equivalent of a residence in that county. From the beginning it has been the policy of the state that only those who were actual residents in good faith for a considerable period of time could maintain an action for divorce. It seems to be the policy of nearly all of the states, including even those which appear to encourage divorces. and the bringing of divorce proceedings therein, that a residence in the state by the plaintiff for some time before the commencement of the action is essential. From the well-known sentiment which exists in this state against easy, quick, clandestine and collusive divorces it is impossible to conceive that the legislature intended to establish an agency or system for dissolving marriages between parties all of whom reside in other states or countries. Such an intention can not be imputed to the legislature unless it is expressly declared in the act in terms entirely free from doubt. It may well be doubted whether a decree granted under such a statute would be valid, but fairly considered the amended statute does not require such an interpretation. The original section provided that the plaintiff should have been a resident of the state for a year before the action was instituted, and then provided the added requirement that the plaintiff should be a resident of the county within which the action was brought at the time the petition was filed. The section contained two distinct requirements as to residence of the plaintiff, one relating to residence in the state for a fixed period and the other the residence in the county, which, however short in duration, was sufficient if it was *bona fide* when the petition was filed. Then the amendment was added, as we have seen, to this second provision of the section—the part relating to residence in the county—and it refers expressly to that kind of residence and does not naturally refer to the more remote subject relating to residence within the state. The natural interpretation is that the clause qualifies

the nearest subject and that part of the section to which it is appended and not the remote one relating to residence within the state. This is disclosed not only by the subject matter of the section but also by the manner in which it is punctuated. The sentence is divided by a comma after the word "petition" at the end of the provision requiring a residence in the state. The compiler of the General Statutes of 1909, it appears, omitted the comma, but it was in the original bill and is in the session laws (Laws 1909, ch. 182, § 664), and so the structural division of the section comports with the division of the thought of the legislators when they separated the subject of residence into two branches and treated them as distinct requirements. The two provisions relating to residence are as distinct as if each constituted a separate section, the first making a domicile in the state for a year a prerequisite to the beginning of an action, and the second providing that the plaintiff shall not only be a resident of the state for a year but he must also be a resident of the county where and when he begins his action except that he may bring it in some other county of the state if the defendant resides or may be summoned there. (*Howell v. Herriff*, 87 Kan. 389, 124 Pac. 168.) Evidently the legislature undertook to introduce the personal element into the action for divorce by authorizing and encouraging the bringing of the action in a county of the state where the personal attendance of the defendant at the trial may be obtained. Under the code, therefore, the plaintiff may bring an action for divorce either in the county of his residence or in the county in which the defendant resides or may be summoned, but in any case the plaintiff must have been an actual resident in good faith of the state for one year before the filing of his petition.

The judgment of the district court is affirmed.