No. 24,398.

ROY E. LONG, *Appellant*, v. CORA A. LONG, *Appellee*.

SYLLABUS BY THE COURT.

1. ACTION FOR DIVORCE—*Jurisdiction—Residence of Parties*. Under section 7572 of the General Statutes of 1915 it is held that the plaintiff (who has resided in the state for a year) may bring an action for divorce either in the county of his residence or in the county in which the defendant resides, or may be summoned. Following *Asling v. Asling*, 88 Kan. 331, 128 Pac. 185.

2. JURISDICTION—*Action for Divorce—Where Triable*. In an action for divorce where the plaintiff, who was a resident of the state for more than one year, and a resident of Atchison county, filed an action for divorce in Jackson county and there procured personal service of summons on the defendant, who was a resident of Nemaha county, and where a trial was had and judgment rendered for plaintiff, the defendant making no appearance, *held,* it was error for the court to set aside the judgment on the sole ground that it had no jurisdiction of the parties.

Appeal from Jackson district court; MARTIN A. BENDER, judge. Opinion filed May 12, 1923. Reversed.

*E. D. Woodburn,* of Holton, for the appellant.
*H. R. Fulton,* of Holton, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The question here presented is whether the court had jurisdiction in an action for divorce where personal service was had on the defendant in the county where the action was filed, both parties being residents of other counties.

The action was for divorce under the fifth subdivision of section 7571 of the General Statutes of 1915. It was filed August 29, 1921, in Jackson county. The plaintiff was a resident of Atchison county, and an actual resident in good faith of the state for more than one year and defendant a resident of Nemaha county. Summons was issued and served personally on defendant in Jackson county, the same day the petition was filed. On the 5th of November following, the case was tried and judgment rendered for plaintiff, the defendant making no appearance. On December 17, 1921, defendant filed a motion to vacate the decree on the grounds that the court had no jurisdiction of the parties. Evidence was taken upon this motion,

at the conclusion of which the court entered an order setting aside the divorce. The pertinent part of the order is as follows:

"After listening to the evidence adduced, argument of counsel and being fully advised in the premises, the court finds that the plaintiff at and before the filing of his action was a resident of Atchison county, Kan., and that the defendant was at all times a resident of Nemaha county, Kan., that a short time before the filing of the petition in this action, defendant was induced by plaintiff to come from her home in Nemaha county, Kan., to Holton, Kan., and after her arrival was further induced by plaintiff to give her consent to the filing of this action against her, and within an hour thereafter was served with a summons and before she left Holton; that by reason of the premises the court finds that at the time of rendering of the judgment herein, November 5, 1921, it had no jurisdiction of the parties or subject matter of the action, and that the motion of defendant should therefore be sustained and said judgment set aside and held for naught."

The question turns upon a construction of section 7572 of the General Statutes of 1915. Prior to the enactment of the new code in 1909, this section of the statute was as follows:

"The plaintiff in an action for divorce must have been an actual resident in good faith of the state for one year next preceding the filing of the petition, and a resident of the county in which the action is brought at the time the petition is filed. (Gen. Stat. 1901, § 5133, Civ. Code, § 640.)"

The section, as amended in 1909, now reads:

"The plaintiff in an action for divorce must have been an actual resident in good faith of the state for one year next preceding the filing of the petition, and a resident of the county in which the action is brought at the time the petition is filed, unless the action is brought in the county where the defendant resides or may be summoned." (Gen. Stat. 1915, § 7572, Civ. Code, § 664.)

The legislature, while it did not change that part of the statute requiring the plaintiff in an action for divorce to be a resident of the state for a period of one year, did remove the requirement that the action must be brought in the county where the plaintiff resided. The same statute was under consideration in the case of *Asling v. Asling*, 88 Kan. 331, 128 Pac. 185. It was there said in the syllabus:

"The plaintiff may bring an action for divorce either in the county of his residence or in the county in which the defendant resides or may be summoned, but in any case the plaintiff must have been an actual resident in good faith of the state for one year before the filing of his petition."

In the opinion it was said:

"Evidently the legislature undertook to introduce the personal element into the action for divorce by authorizing and encouraging the bringing of the

action in a county of the state where the personal attendance of the defendant at the trial may be obtained. Under the code, therefore, the plaintiff may bring an action for divorce either in the county of his residence or in the county in which the defendant resides or may be summoned." (p. 334.)

In the instant case the court proceeded upon the theory that if the defendant was induced to come to Jackson county for the purpose of having summons served upon her, the court had no jurisdiction. That fact did not preclude jurisdiction if an action for divorce may be brought "in the county where the defendant . . . may be summoned." Jurisdiction is the power to hear and determine a given case.

In *Board of Com'rs v. Platt*, 79 Fed. 567, syl. ¶ 4, it was said:

"The test of the jurisdiction of a court is whether or not it had the power to enter upon the inquiry; not whether its conclusion in the course of it was right or wrong."

In *Reynolds v. Stockton*, 140 U. S. 254, 268, it was said:

"To constitute this [jurisdiction] there are three essentials; first, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and third, the point decided upon must be, in substance and effect, within the issue."

In *The Fair v. Kohler Die Co.*, 228 U. S. 22, it was said:

"Jurisdiction is authority to decide the case either way."

We conclude that one who has been a resident in good faith of the state for more than a year, may bring an action for divorce "in the county where the defendant . . . may be summoned." When a sufficient petition had been filed and personal service of summons secured on defendant in Jackson county, the court had jurisdiction to hear and determine the case, and having heard the case and rendered judgment, it could not set aside the judgment on the sole ground that it had no jurisdiction of the parties.

The judgment is reversed with direction to overrule the motion to set aside the judgment of divorce.