No. 35,099

E. B. Wible, *Appellant,* v. S. N. Wible, *Appellee.*

(110 P. 2d 761)

Opinion ·filed March 8, 1941.

*O. W. Helsel,* of Wichita, *A. B. Keller, George R. Malcolm* and *C. A. Burnett,* all of Pittsburg, for the appellant.

*Paul J. Wall,* of Wichita, for the appellee.

*Robert C. Foulston* and *John F. Eberhardt,* both of Wichita, as *amici curiae.*

The opinion of the court was delivered by

Wedell, J.:· This was a motion to vacate and set aside a divorce decree. The motion was overruled and plaintiff appeals.

The substance of appellant's contention is the divorce decree was not obtained in the proper venue, the court was therefore without jurisdiction, and the decree is void. It is conceded, if the judgment

was void it may be vacated at any time on motion of a party or any person affected thereby. (G. S. 1935, 60-3009.) The issue is, Was the decree void?

The evidence was in substance as follows: The wife, E. B. Wible, was the plaintiff in the divorce action and is the plaintiff (appellant) in the instant case. Both plaintiff and defendant had been residents of the city of Wichita, Sedgwick county, for many years and were residents of that county on the day plaintiff filed an action for divorce and property settlement in the district court of Crawford county, Kansas. The decree appellant seeks to vacate was rendered December 7, 1936, the same day the petition was filed. The parties were also residents of Sedgwick county on the date the instant motion was filed, to wit, April 12, 1940. No summons was issued in the divorce action, but plaintiff obtained from defendant a verified waiver of service of summons and voluntary entry of general appearance, executed before a notary public in Sedgwick county. Plaintiff filed the same in the district court of Crawford county and upon a showing of an emergency, satisfactory to the district court of Crawford county, obtained an emergency decree of divorce and a property settlement. The defendant did not appear and was not in Crawford county on December 7, 1936. The decree as to property settlement was rendered in conformity with the mutual agreement of the parties. Touching the emergency feature, the court found upon evidence—

"That the plaintiff and defendant herein are possessed of certain property rights which require certain contracts and other agreements which the parties cannot safely enter into until this case is disposed of, and that it will be inconvenient to incur unnecessary expense for the plaintiff to return to the jurisdiction of this court after the expiration of sixty days."

The decree enjoined both parties from thereafter claiming, asserting or attempting to assert any interest, right or title in the property of the other. Their children were all of age. In the petition plaintiff alleged she and defendant were now and for many years past had been residents of the state of Kansas. Plaintiff did not allege the county of her or defendant's residence.

Appellant dwells at some length upon the fact an emergency was declared to exist and that a decree was entered upon the same day the action was filed. While those facts might be highly significant under some circumstances, we do not regard them as important in the instant case. Appellant invoked the jurisdiction of the Craw-

ford county court, and by her own evidence induced that court to declare an emergency and to render judgment accordingly. No appeal has ever been taken from that judgment by either of the parties, and it has long since become final and binding unless it be void for want of jurisdiction.

Appellant's contention the divorce decree is void is based upon two statutes. G. S. 1935, 60-508, provides:

"An action for a divorce, or to annul a contract of marriage, or for alimony, may be brought in the county of which the plaintiff is an actual resident at the time of filing the petition or where the defendant resides or may be summoned."

The pertinent portion of G. S. 1935, 60-1502, reads:

"The plaintiff in an action for divorce must have been an actual resident in good faith of the state for one year next preceding the filing of the petition, and a resident of the county in which the action is brought at the time the petition is filed, unless the action is brought in the county where the defendant resides or may be summoned."

Appellee contends another statutory provision, pertaining to the effect of the voluntary appearance of a defendant, enacted at the same time (1909) as the provisions relied upon by appellant, must be considered. It is G. S. 1935, 60-2515, and it reads:

"An acknowledgment on the back of the summons, *or the voluntary general appearance of a defendant, is equivalent to service.*" (Emphasis supplied.)

Appellant insists the latter statute does not apply, as it is general in character and the statutes upon which she relies pertain particularly to divorce actions. We think it is applicable. It is a general statute and as such must be held applicable in the absence of some exception therein contained. It contains no exception and we are not at liberty to arbitrarily read a particular exception into it. The applicability of G. S. 1935, 60-2515, has been previously determined by this court. It will be observed G. S. 1935, 60-508, prescribes the venue not only for divorce actions but for alimony actions and also for actions to annul a contract of marriage. In the latter type of action this court held G. S. 1935, 60-2515, to be applicable. (*Westerman v. Westerman*, 121 Kan. 501, 247 Pac. 863.) In that case a husband and wife were divorced in Kansas. Within the prohibited six months' period, after the decree, the wife remarried in Missouri. Thereafter the wife brought an action in Wyandotte county, Kansas, to annul the Missouri marriage. Neither she or her Missouri husband resided in Wyandotte county, but the husband entered his

general appearance. Six years later the wife filed a motion to vacate the decree of annulment. In holding the motion was properly denied, this court said:

"The statute does not require that the plaintiff in an action to annul a marriage shall be a resident of this state, and an action of that character may be brought in any county where the defendant may be summoned (R. S. 60-508). Voluntary general appearance is equivalent to service of summons (R. S. 60-2515). Therefore, the district court of Wyandotte county had jurisdiction of the parties." (p. 504.)

In the same case this court held the district court of Wyandotte county had jurisdiction over the subject matter, that is, jurisdiction to adjudicate whether the Missouri marriage was valid or void, and that while its decision might have been erroneous it was not void for lack of jurisdiction. The only remedy was held to be by appeal as provided by law. (pp. 505, 506.) Touching the effect of a general appearance, see, also, *Clay v. Clay*, 134 Miss. 658, 90 So. 818; 6 C. J. S., Appearances, § 14.

The confusion of appellant results from a failure to differentiate between the question of general jurisdiction of district courts over actions for divorce and the subject of venue. A district court is a court of general jurisdiction, with original jurisdiction in divorce proceedings. The lawmakers were careful to provide an action for divorce could not be maintained unless plaintiff had been an actual resident in good faith of this state for one year prior to the institution of the action. (G. S. 1935, 60-1502.) Having definitely fixed that requirement, they proceeded to fix the venue for such actions as to persons who had established the prerequisite residence within the state. In fixing the venue for such actions it appears they had in mind the convenience of the parties. They provided the action might be brought in the county of plaintiff's residence, or in the county of defendant's residence, or in any other county where defendant might be summoned. It is thus apparent the district court of any county in the state might acquire jurisdiction. In other words, it is clear it was not intended the action must be local in character but that it might be transitory as well. The legislature did, however, fix the venue of such actions, and this venue must be followed if the defendant objects to any other.

Appellant lifts the following isolated statement out of the opinion in the case of *Asling v. Asling*, 88 Kan. 331, 128 Pac. 185:

"Evidently the legislature undertook to introduce the personal element into the action for divorce by *authorizing* and *encouraging* the bringing of the

action in a county of the state where the personal attendance of the defendant at the trial may be obtained." (p. 334.) (Emphasis supplied.)

The statement is *dictum,* as will presently appear. But taking it at its face value, it does not say no district court can acquire jurisdiction, except the district court of the county where the plaintiff or the defendant resides or where the defendant may be summoned. It speaks only of the legislature *authorizing* and *encouraging* an action to be brought where the personal attendance of the defendant may be obtained. The *dictum* in the Asling case does not purport to state that a defendant cannot enter his voluntary appearance in an action brought in a county other than his residence or even in a county other than that in which he may be summoned. If the venue provision "where defendant resides," was designed for his convenience and benefit, no reason appears why he cannot waive it. If it was intended to confer a personal privilege upon him to be sued in the county of his residence, he may, of course, waive it. He may, in fact, not consider it a personal privilege to have the action brought where he resides. He may not consider it a favor to have his domestic troubles publicized in the county of his residence. The Asling case is no authority for holding that a defendant cannot waive the benefit or personal privilege accorded him by venue statutes. Nor was the question of defendant's waiver an issue in the Asling case. It repeatedly has been held identical or similar venue provisions are enacted for the benefit of, or as a personal privilege to, a defendant, which he may waive. A few of the decisions are *Brown v. Brown,* 155 Tenn. 530, 296 S. W. 356; *Walton v. Walton,* (Mo. App.) 6 S. W. 2d 1025; *Osmak v. Am. Car & Foundry Co.,* 328 Mo. 159, 40 S. W. 2d 714; *Towson v. Towson,* 126 Va. 640, 654, 102 S. E. 48; *Wakefield v. Wakefield,* 217 Ala. 517, 116 So. 685. See, also, Annotations 106 A. L. R. 6, and 130 A. L. R. 94. In the instant case defendant waived the personal privilege accorded by the venue statutes. The court acquired jurisdiction of the parties and subject matter and the judgment was not void. If any trial errors occurred plaintiff's remedy was by appeal. She did not appeal. The time to modify or vacate the judgment, because of trial errors, if any, had long since passed. (G. S. 1935, 60-3008.)

Appellant stresses what was said in the Asling case, *supra,* touching the sentiment or policy of this state not to encourage easy, quick, clandestine and collusive divorces. What was said upon that subject in the Asling case probably could not be improved

upon were the same issue before us now. The sole issue in the Asling case pertained to the right of a resident of Nebraska to bring a divorce action in this state without having acquired any residence in this state.

Appellant places much emphasis upon the subject of public policy. It is somewhat difficult to understand upon what sound theory of public policy any court of justice should come to appellant's rescue. If she obtained a decree of divorce and a property settlement from a court by means of her own collusion or fraud upon the trial court, upon what theory should, or could, any doctrine of public policy justly be invoked in her behalf? The doctrine of public policy has its virtues, but it has little, if any, virtue or application in the instant case. Too frequently it is urged in desperation and at a time when all other helpers fail. There is considerable merit, even these days, in the ancient admonition of Mr. Justice Burrough's statement concerning public policy as a guide to jurisprudence. In *Richardson v. Mellish,* 2 Bing. 229 (1824), he declared:

"I, for one, protest, as my Lord has done, against arguing too strongly upon public policy; it is a very unruly horse, and when once you get astride it you never know where it will carry you." (p. 252.)

Had defendant deliberately come to Crawford county for the sole purpose of subjecting himself to service, the venue provision "where the defendant resides *or may be summoned,*" would have been fully met and the judgment would not have been void for want of jurisdiction. (*Long v. Long,* 113 Kan. 459, 214 Pac. 1116.) Upon what sound theory of public policy can that case be distinguished from the instant one? We can think of none, and none is suggested by appellant. In the Long case plaintiff resided in Atchison county, filed an action in Jackson county and there procured personal service upon the defendant, who was a resident of Nemaha county. Defendant did not appear at the trial. The district court later sustained a motion to vacate the judgment on the ground it had no jurisdiction of the parties. The judgment was reversed and this court said:

"In the instant case the court proceeded upon the theory that if the defendant was induced to come to Jackson county for the purpose of having summons served upon her, the court had no jurisdiction. That fact did not preclude jurisdiction if an action for divorce may be brought 'in the county where the defendant . . . may be summoned.'" (p. 461.)

If a question of public policy touching the granting of divorces is involved in our statutes, which designate the venue for divorce actions, the lawmakers have determined it, and with the determination of such policy it is not the province of courts to interfere. Manifestly, as previously stated, it was not intended to make divorce actions strictly local in character. The real question here is whether defendant's voluntary general appearance was equivalent to service of summons and we have previously held it was. (*Westerman v. Westerman*, 121 Kan. 501, 247 Pac. 863.)

The judgment must be affirmed for an additional reason. Appellant is estopped to impeach the instant judgment. It was she who invoked the jurisdiction of the court. She knew at that time defendant was not a resident of Crawford county and that he could not be, and was not, served with summons there. Assuming the court had not acquired jurisdiction, appellant could not now disturb the judgment. A party cannot invoke the jurisdiction and power of a court, obtain the benefits sought, and thereafter question the validity of the decree on the ground the court was without jurisdiction to grant her prayer. (*Bledsoe v. Seaman*, 77 Kan. 679, 95 Pac. 576; *Kirby v. Kirby*, 143 Kan. 430, 437, 55 P. 2d 356; *Reinhart v. Reinhart*, 148 Kan. 542, 546, 83 P. 2d 628; *Burgess v. Nail*, 103 F. 2d 37; *Ellis v. White et al.*, 61 Ia. 644, 17 N. W. 28; *Ferry v. Ferry*, 9 Wash. 239, 37 Pac. 431; Annotation 39, A. L. R. 603, 624, 695.) Courts simply cannot be used in that manner.

Other points of interest are urged by appellant, but in view of what has been said they become unimportant and need not be treated.

The judgment is affirmed.