No. 37,099

JEANETTE BUSCH, *Appellee,* v. W. A. BUSCH, *Appellant.*

(193 P. 2d 171)

Opinion filed May 8, 1948.

*Benj. H. Brown* and *Theo. R. Gardner,* both of Wichita, were on the briefs for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: On August 6, 1947, plaintiff brought this action against her husband for divorce upon the grounds of extreme cruelty and gross neglect of duty. On the same date the court, acting upon her verified petition, made an *ex parte* order requiring defendant to pay plaintiff $25 per week for temporary alimony and to pay an attorney fee of $100 and $15 deposit for costs, and restraining defendant from interfering with plaintiff or molesting her by going upon her premises or by telephone calls, and from disposing of or mortgaging any of his real or personal property pending the further order of the court. On August 7 defendant moved to modify that order for the stated reason that he did not have steady employment and was unable financially to comply with the order. On August 18 defendant filed an answer in which he denied the grounds of divorce alleged in plaintiff's petition and also filed a cross petition in which he sought a divorce from plaintiff on the grounds of cruelty and gross neglect of duty.

The journal entry recites that on September 23, 1947, the cause came on for hearing on the pleadings filed by the parties; that plaintiff was present in person and by her attorney and defendant also was present in person and by his attorney, and that both parties an-

nounced themselves ready for trial; that the plaintiff introduced her evidence and the defendant introduced his evidence, and that after considering the evidence and argument of counsel the court granted plaintiff a divorce and made a decree respecting their property rights. Within three days defendant filed a motion for a new trial upon the ground, among others, that he was taken wholly by surprise in that he had prepared to make a defense to a motion when the case was called for trial notwithstanding the fact that sixty days had not expired since the petition in the case was filed. This motion was considered by the court and overruled, and defendant promptly appealed.

In this court counsel for appellant states in substance that on September 23 he had gone into court for the hearing of a motion (not shown by the abstract); that the court decided, over defendant's objection, to hear the divorce matter proper; that defendant's answer and cross petition was missing from the files, and that defendant had no time to procure his witnesses. This statement does not harmonize with the portion of the journal entry above mentioned. Normally we would take the journal entry as being correct, but we are led into uncertainty as to that by the fact that the journal entry was not approved by counsel for defendant, and perhaps he did not see it before it was filed. In the preparation of journal entries counsel and the court should follow the rule promulgated by this court pertaining thereto and which is set forth in G. S. 1935, under section number 60-3827, Rule No. 49. Had that procedure been followed this court could more readily determine what actually took place in court. While counsel for plaintiff and the court are subject to criticism in this respect we shall not predicate our decision thereon.

It is clear from the record that the trial was had at a time when the court could not have heard it. The pertinent portion of the statute (G. S. 1935, 60-1517) reads:

"No hearing shall be had in a divorce suit until, at least, sixty days after the filing of the petition, . . ."

unless an emergency is shown and properly recorded, as provided in the remainder of the section. The journal entry does not indicate any compliance with this statute. This was error. See *Boring v. Boring,* 155 Kan. 99, 122 P. 2d 743.

The judgment of the trial court is reversed with directions to grant a new trial.