No. 38,418

OTIS COLE, *Appellant*, v. EDNA COLE, *Appellee*.

(240 P. 2d 141)

Opinion filed January 26, 1952.

*E. E. Sattgast*, of Wichita, argued the cause and was on the briefs for the appellant.

*Clyde M. Simon*, of Wichita, argued the cause, and *Patrick J. Warnick, Henry E. Martz, Alan B. Phares* and *Lee R. Meador*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal is an aftermath of a divorce action and concerns the propriety and validity of an order *nunc pro tunc* with reference to child support, and of a lump-sum judgment rendered for past-due payments.

The parties will be referred to as in the original divorce action.

On November 21, 1942, plaintiff husband filed an action for divorce. His petition recited that he and defendant were the parents of a nine-year-old daughter; that defendant was to have custody of the child and that plaintiff would pay the sum of $30 on the 9th and 23d day of each month as child support.

The action was tried by the court on December 16, 1942, and the journal entry of judgment, which was not filed until May 9, 1945, recites that plaintiff was present in court in person and by counsel; that defendant was not present in person or by counsel, but that she had entered her appearance by an entry of appearance and waiver of summons. It further recites the fact of the nine-year-old daughter of the parties, and then provides that defendant

should have custody. The journal entry is silent concerning child support, and is also silent concerning any application for or order declaring an emergency. Counsel in this appeal, none of whom was involved in the divorce action, do not contend that an emergency was asked for or declared. The trial judge who entered the order from which this appeal was taken is not the trial judge who heard the divorce action and signed the journal entry thereof.

So far as the record discloses, defendant retained custody of the child until September 29, 1944, at which time she and plaintiff entered into a written out-of-court stipulation by the terms of which custody was relinquished to plaintiff. This agreement, which was never presented to the court for approval, provided that plaintiff should support and educate the child, but was silent concerning any alleged court order previously made as to child support. It is to be remembered this stipulation was entered into some seven months prior to the date the journal entry covering the divorce action was filed.

Pursuant to this stipulation plaintiff took custody of the child. In May, 1945, he entered the military service, at which time the child was returned to defendant, with whom she has continued to reside. While in the military service plaintiff made an allotment of $30 per month for the support of the child.

Some time in 1950 defendant filed an accusation in contempt based on the alleged failure of plaintiff to support his child. The record is not clear, but it appears that this accusation in contempt was later withdrawn and defendant moved the court to enter an order *nunc pro tunc* correcting the journal entry of the divorce action on the ground that it failed to recite the judgment and order actually made with reference to child support, and defendant further requested the court to enter a lump-sum judgment for past-due payments.

Plaintiff's objection to the hearing of this matter, on the ground the judgment of divorce was void, being overruled, the court proceeded to hear evidence concerning the terms of that judgment. Included in this evidence were extracts from the testimony of plaintiff and the decision of the court in the divorce hearing, all certified to by the official court reporter who took down the proceedings in that case. That testimony will not be set out, but it is sufficient to say it discloses that when plaintiff obtained the divorce he orally agreed in open court that defendant should have custody

of the child and that he would pay the sum of $30 on the 9th and 23d day of each month for its support. Further, it also is clear that in announcing his decision from the bench the trial judge made an order to that effect.

Based on that evidence, and also upon an admission by plaintiff that following the divorce decree he had paid $60 per month "for several years," the court found that the journal entry of the divorce decree did not fully recite the judgment actually rendered and ordered it corrected accordingly. At the same time the court, after giving plaintiff credit for certain payments and expenditures made by him for the child, entered a lump-sum judgment in the amount of $2,418.05, for past-due payments. The parties do not attack the basis of computation employed in arriving at the amount of this judgment.

Plaintiff has appealed and attacks the ruling of the lower court on three principal grounds.

He first argues that in the absence of a finding and order declaring an emergency the court had no jurisdiction under the provisions of G. S. 1935, 60-1517, to hear his divorce action prior to the expiration of sixty days after it was filed, and therefore the decree of divorce granted to him was void.

He then contends that even though the decree of divorce be held valid, the court, in the later proceeding, had no authority to enter the judgment for past-due child support payments under the guise of a *nunc pro tunc* order correcting the journal entry of the divorce action.

And finally, it is contended that by the terms of the stipulation entered into in September, 1944, defendant waived any rights which she may have had concerning child support.

We think that each of plaintiff's contentions is without merit.

There can be no question but that it was error for the court to hear the divorce action prior to the expiration of sixty days after the date of filing in the absence of a compliance with the statute relating to a declaration and finding of an emergency. (*Boring v. Boring,* 155 Kan. 99, 122 P. 2d 743, and *Busch v. Busch,* 165 Kan. 132, 193 P. 2d 171.) In each of those cases, however, it was the party against whom the divorce judgment was rendered who moved to set the decree aside. Such is not the case before us. Here it was plaintiff who filed the action and thus invoked the jurisdiction of the court. One may not invoke the jurisdiction and power of a court

for the purpose of securing an important right from an adversary through its judgment, and then, after obtaining some relief, repudiate the action of the court on the ground it was without jurisdiction. In *Wible v. Wible*, 153 Kan. 428, 110 P. 2d 761, it was held:

"A party cannot invoke the jurisdiction or power of a court, obtain the benefits sought, and thereafter question the validity of the decree on the ground the court was without jurisdiction to grant her prayer." (Syl. ¶ 5.)

See, also, *Reinhart v. Reinhart*, 148 Kan. 542, 83 P. 2d 628.

With reference to plaintiff's third contention it is sufficient to say that the stipulation not only does not contain any "waiver" by defendant pertaining to child support, but it is entirely silent concerning the matter, except that from the language used it is clear plaintiff was not to pay defendant anything by way of child support during the period he himself had custody. That, of course, would be only natural and logical.

Concerning plaintiff's second contention, namely, that there is no basis for and the court erred in entering the order *nunc pro tunc* and the money judgment, we are of the opinion that such orders are fully supported by the evidence, and that at the time the divorce decree was entered plaintiff and his then counsel understood and agreed, and the court so found and ordered, that he should pay the sum of $60 per month as child support.

From the record before us it is clear that the journal entry did not correctly set out the judgment actually rendered. The validity of that judgment was not abrogated by the fact the journal entry was not filed until long after it was rendered (*Gates v. Gates*, 160 Kan. 428, 163 P. 2d 395), or by the fact it did not fully and correctly recite such judgment. A judgment is the final determination of the rights of the parties to an action and is the decision of the court. It may or may not be correctly spread of record in the journal entry. If not, then it may be corrected to speak the truth by an order *nunc pro tunc*, the function of which is not to make an *order*, now for then, but to *enter*, now for then, an order previously made. (*Hinshaw v. Hinshaw*, 166 Kan. 481, 486, 203 P. 2d 201, and *Gates v. Gates*, supra.)

We find no error in the record and the judgment of the lower court is therefore affirmed.