No. 39,157

PHYLLIS A. SCHAEFFER, *Appellee*, v. ROBERT B. SCHAEFFER, *Appellant*.

(266 P. 2d 282)

Opinion filed January 23, 1954.

*D. E. Watson,* of Salina, was on the briefs for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action for divorce, alimony, custody and support for minor child, and attorney fees. From adverse rulings of the Dickinson county district court, hereinafter referred to, defendant appeals. Appellee (wife) will be referred to as plaintiff, and appellant (husband) as defendant.

Plaintiff, Phyllis A. Schaeffer, alleged in her petition, filed in Dickinson county April 3, 1953, that she was and had been for more than one year last past, an actual resident in good faith of that county. She asked for a divorce on statutory grounds, custody of the minor child of the parties, alimony and child support. On the same day she caused summons to be issued to the defendant, Robert B. Schaeffer, at his residence in Saline county, and secured from the judge of the probate court, in absence of the judge of the district court (G. S. 1949, 60-1507), an *ex parte* order giving her the custody and control of the minor child, and enjoining defendant from coming to plaintiff's residence or molesting or interfering with her or the minor child during the pendency of the action. The summons and a copy of the mentioned order were served on defendant in Saline county, April 7, 1953.

On April 11, 1953 defendant, a member of the United States Air Force stationed at Salina, Kansas, filed a petition for divorce in the district court of Saline county alleging that he was, at the time of filing his petition and for more than one year prior thereto, a resident of Kansas. He asked for a divorce on statutory grounds, custody of the minor child and division of the property between the parties. On the same day he caused summons to be issued to the mentioned plaintiff at her residence in Dickinson county, and secured an order from the Saline district court awarding him the temporary care, custody and control of their minor child. The summons and a copy of the mentioned order were served on plaintiff in this appeal, and defendant in that action, on April 13, 1953, and custody of the child was turned over to defendant (husband) in this action.

On the same day (April 13, 1953), defendant herein appeared specially in the Dickinson district court and filed a motion to quash the service of summons and to vacate and set aside the *ex parte* order made by that court on April 3, 1953. By this motion defendant challenged the jurisdiction of that court on the ground plaintiff had not been a resident of Kansas for one year next preceding the filing of her petition, April 3, 1953.

On the same day (April 13, 1953) plaintiff filed a petition for citation in the same court alleging that on April 11, 1953, the defendant removed or caused to be removed from custody of plaintiff the minor child, thereby violating the order of the Dickinson district court of April 3, 1953. The result of this petition was an order from the Dickinson court directing defendant to appear and show cause why he should not be punished for contempt of that court.

On April 21, 1953, the defendant again appearing specially, filed a motion to strike from the files to set aside the order and to quash plaintiff's petition and the citation, again challenging the jurisdiction of the Dickinson court.

On the same day, evidence was introduced at the hearing on defendant's motion to quash and strike, which established that the parties did not arrive in Kansas until April 5, 1952. Apparently following this hearing and before the court ruled on the motion and on the same day the Dickinson court permitted plaintiff to file an amended petition, changing her cause of action from that of divorce to separate maintenance. At the conclusion of this hearing the Dickinson district court found:

"that the Plaintiff's amendment to her Petition, making said Petition an action for separate maintenance, renders the question of the jurisdiction of this Court on the grounds set forth in the foregoing Motion moot, since this Court finds that residence for one (1) year prior to filing the Petition in a cause for separate maintenance is not required by the Statutes of Kansas, and the Court orders that both of the aforementioned Motions be overruled."

and made the following order:

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"WHEREUPON, it is shown to the Court and the Court finds that the Order of this Court, dated the 3rd day of April, 1953, and made by John P. Dieter, Probate Judge of Dickinson County, Kansas, in the absence of the Judge of the District Court of the Eighth Judicial District, is a valid and binding order entered by this Court to maintain the status quo in this action relative to the matters therein contained, pending final disposition of this cause, and the Court further finds that the violation of this order constitutes a contempt of this Court."

.   .   .   .   .   .   .   .   .   .   .   .   .   .

and ordered the defendant's motion to quash and dismiss and to strike, overruled, apparently on the theory the amended petition related back to the filing of the original petition, and that all orders previously made were effective. The Dickinson court further ordered plaintiff to file an accusation and set the time for hearing and answer by defendant.

Plaintiff filed her accusation. Defendant filed his motion to strike the same from the files, again raising the jurisdictional question as before, at the same time informing the Dickinson court that another action was pending for divorce between the same parties upon the same subject matter in the district court of Saline county, and that that action had been filed by the defendant on April 11, 1953, and that service of summons had been had upon the plaintiff (wife), and informed the court that defendant (husband) had appealed from the court's order of April 21 to the supreme court of the state of Kansas, and that such appeal was then pending.

However, on April 28, the court heard plaintiff's evidence on her accusation and found defendant guilty of contempt of court, in that he willfully refused to obey and had violated the order of the court entered on April 3, 1953, and sentenced defendant to serve a term in the county jail, or until he purged himself of contempt by returning the child to the plaintiff.

From the rulings of the Dickinson district court, adverse to the defendant as above related, he appeals.

Defendant contends that in order to determine whether the court erred in finding him guilty of contempt and in sentencing him to serve a period in the county jail, it is first necessary to determine whether the Dickinson district court had jurisdiction of the divorce action to make the orders which the defendant was found guilty of violating. It is defendant's contention that the Dickinson court erred when it ruled it had jurisdiction of the divorce action when the original petition was filed. G. S. 1949, 60-1502, reads as follows:

"The plaintiff in an action for divorce must have been an actual resident in good faith of the state for one year next preceding the filing of the petition, and a resident of the county in which the action is brought at the time the petition is filed, unless the action is brought in the county where the defendant resides or may be summoned: *Provided,* That any person who has been a resident of any United States army post or military reservation within the state of Kansas for one year next preceding the filing of the petition may bring an action for divorce in any county adjacent to said United States army post or military reservation."

At the hearing on defendant's motion to quash the service of summons, and dismiss the action, evidence was introduced by the parties wherein it was conclusively shown the parties to the action did not arrive in Kansas under military orders until April 5, 1952. Plaintiff's petition for divorce was filed April 3, 1953.

It is clear that one full year of residence had not expired prior

to the filing of the plaintiff's petition for divorce in Dickinson county. Our legislature was very careful to provide that an action for divorce could not be maintained unless plaintiff had been an actual resident in good faith in this state for one full year prior to the institution of the action, or a resident of a United States army post or military reservation within the state of Kansas for the same period of time. (*Asling v. Asling,* 88 Kan. 331, 128 Pac. 185; *Craig v. Craig,* 143 Kan. 624, 56 P. 2d 464; *Howell v. Herriff,* 87 Kan. 389, 390, 124 Pac. 168; *Long v. Long,* 113 Kan. 459, 214 Pac. 1116; *Wible v. Wible,* 153 Kan. 428, 110 P. 2d 761.)

From an analysis of the foregoing statute and the decisions of this court, it is apparent that one full year of residence in this state is a prerequisite to the filing of a petition for divorce in order to confer jurisdiction upon a district court in such an action. The parties having failed to meet the residential requirements, the district court of Dickinson county acquired no jurisdiction of the divorce proceedings or the parties thereto and, as a result, all orders made by that court on April 3, 1953, were void.

On April 11, 1953, defendant (husband), a member of the armed forces stationed at Salina, Kansas, having then been a resident of a military post or reservation in Kansas for more than one year, filed his petition in the district court of Saline county against the plaintiff (wife), alleging statutory grounds, and secured an order from that court for the custody of their minor child. A summons and copy of that order were served on the plaintiff on April 13, and custody of the child was turned over to him under the mentioned order of the Saline district court. Inasmuch as the Dickinson district court failed to acquire jurisdiction of the divorce action filed in that court April 3, 1953, by reason of the one-year residence requirement, the Saline district court first acquired full jurisdiction of the divorce action between the parties on April 11, 1953, and the pleadings in the Saline district court are before us which disclose that all issues and controversies between the parties may be disposed of in that action.

The general rule is that when a court of competent jurisdiction acquires jurisdiction of the subject matter and of the parties, its jurisdiction continues as to all matters therein involved until the issues are finally disposed of, and no court of co-ordinate jurisdiction should interfere with its action. (*Schaefer v. Milner,* 156 Kan. 768, 137 P. 2d 156; 14 Am. Jur. 435, § 243; 21 C. J. S., 745-748; *Ewing v.*

*Mallison,* 65 Kan. 484, 70 Pac. 369; *Juhlin v. Hutchings,* 90 Kan. 618, 135 Pac. 598; *Rennolds v. Guthrie,* 103 Kan. 829, 177 Pac. 359; *Hepner v. Hepner,* 115 Kan. 647, 223 Pac. 1095; *Bank Savings Life Ins. Co. v. Schroll,* 141 Kan. 442, 41 P. 2d 731; *Watts v. Watts,* 151 Kan. 125, 98 P. 2d 125; *Graves v. National Mutual Cas. Co.,* 164 Kan. 267, 188 P. 2d 945.) It is essential to the proper and orderly administration of justice that the observance of the foregoing rule of law be enforced in order to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process.

The Dickinson court having failed to acquire jurisdiction of the divorce action in the instant case as hereinbefore related, and the Saline court having acquired for the first time full jurisdiction of the divorce action between the parties, on April 11, 1953, the Dickinson court was without authority to entertain plaintiff's amended petition for separate maintenance, filed April 21, 1953, and the latter court was in error in permitting the filing of such amendment and in holding that it related back to the filing of the original petition for divorce in the Dickinson court.

An amendment which is complete in itself and does not refer to or adopt the prior pleading supersedes it, and the original pleading ceases to be a part of the record, being in effect abandoned or withdrawn, with the result that the subsequent proceedings in the case are to be regarded as based upon the amended pleading which will not be aided by anything in the prior pleading, and any ruling of the court with relation to the sufficiency of the original pleading is not properly in the record. (49 C. J. 558, Pleading, § 773.) Plaintiff's first petition was a cause of action for divorce. Her amended petition was a cause of action for separate maintenance. Each cause of action was complete in and of itself. When an amended petition states an entirely new cause of action, it becomes in effect the beginning of a new action, and an amendment which makes a petition state a cause of action for the first time does not relate back, but must be considered as dating only from the time when the amendment was filed. (71 C. J. S. 713, 714, Pleading, § 320 b.) Plaintiff's amended petition, based on an entirely new cause of action, could not relate back to the filing of her original petition so as to confer jurisdiction on that court where none had previously existed, nor could it validate previously issued void orders. The order of the Dickinson court entered April 28, 1953,

finding the defendant guilty of contempt for a violation of the void order of that court issued April 3, 1953, is of no force and effect.

It follows that the judgment of the trial court is reversed and the case is remanded with instructions to the trial court to set aside its order finding the defendant guilty of contempt of court, and the sentence imposed, and to sustain defendant's motion to quash the service of summons and dismiss the action for want of jurisdiction at the cost of the plaintiff.

It is so ordered.