No. 40,865

CHRISTEEN E. KELSO, *Appellee*, v. JAMES I. KELSO, *Appellant*.

(324 P. 2d 174)

Opinion filed April 12, 1958.

*James Yates*, of Kansas City, argued the cause and was on the briefs for the appellant.

*Martin C. Crawn*, of Kansas City, argued the cause for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from a *nunc pro tunc* order of a district court correcting a journal entry of judgment in a divorce action.

On January 7, 1957, the Hon. E. L. Fischer, judge of the district court of Wyandotte County, division No. 1, rendered a judgment in a divorce action in which he denied the plaintiff, Christeen E. Kelso, a divorce, granted her husband the defendant, James I. Kelso, a divorce and, in making a property division between the parties, gave the defendant the sum of $15,000, as his share of the property accumulated by the parties during their marriage. Subsequently, a journal entry was prepared by counsel for the defendant, approved by counsel for the plaintiff, signed by the court and filed in the case. That instrument covered the decree of the court and findings made in connection therewith.

The order in question deals with finding No. 6 and a part of the decree. Portions thereof, pertinent to the issues involved, read:

"6. That during said marriage, through their joint efforts, they accumulated property and improved plaintiff's property above described whereby the value of said properties increased by approximately $30,000.00, and that $15,000.00 *over and above any setoffs and counterclaims of plaintiff* should be given to the defendant as his share of said accumulation and improvement, which amount should be a lien on all property owned by plaintiff, . . .

"IT IS FURTHER CONSIDERED, ORDERED ADJUDGED AND DECREED that the defendant be and is hereby allowed the sum of Fifteen Thousand Dollars ($15,000.00) for his share of the accumulation of personal property and for improvements made through the joint efforts of plaintiff and defendant on real property which plaintiff owned prior to her marriage to defendant, and for profit derived from the sale of real property consisting of a farm in Leavenworth County, . . . *over and above and clear of any setoffs and counterclaims of the plaintiff* against the defendant, and that said sum be and it is hereby made a lien on all of the property owned by the parties hereto, . . ." (Emphasis supplied.)

The record does not disclose what brought about the present dispute but does make it clear that several weeks after the rendition of the judgment plaintiff filed a motion, alleging a mistake in the journal entry of judgment and praying for an order *nunc pro tunc,* deleting from that instrument the heretofore emphasized language of finding No. 6 and the decree on the ground such language did not correctly reflect or conform to the order actually made by the trial court at the time the judgment was rendered.

On May 29, 1957, plaintiff's motion was presented to the Hon. O. Q. Claflin, III, who, in the meantime, had succeeded Judge Fischer and previously denied plaintiff a new trial. After a hearing, including a complete review of the record, Judge Claflin sustained such motion to the extent of striking the language "over and above any setoffs and counterclaims of plaintiff" from finding No. 6 and the decree of the journal entry.

Thereupon defendant perfected the instant appeal under a specification of error which limits his right of review in this court to the question whether the trial court erred in sustaining the motion to correct the journal entry.

Although, as we have heretofore indicated, the record of the proceedings in the court below does not clearly establish what was responsible for the filing of the involved *nunc pro tunc* motion, we have been able to glean that information by piecing together excerpts from appellant's abstract of record and statements to be found in his brief.

Based on such information we can assume that after the filing of the journal entry appellant, herein, took the position that under

the judgment rendered, particularly the hereinabove mentioned language of such journal entry, he was relieved from all obligations for child support with respect to which the parties, during the trial, had stipulated as follows:

"That there has now accrued unpaid support money for the support of one minor child, in the amount of $980."

On the other hand appellee, herein, was contending that, notwithstanding inclusion of the language in question in the journal entry, the judgment actually rendered by the trial court was for appellant's share of the property accumulated by the parties during the marriage and in no way relieved him of his obligation to pay the child support payments due and unpaid at the time of the rendition of such judgment.

Thus the all decisive issue here involved becomes quite clear. Did the trial court actually render a judgment purporting to relieve the appellant from his obligation to pay the involved past due and unpaid child support payments? If it did the ruling of Judge Claflin in sustaining the motion for a *nunc pro tunc* order was erroneous. If it did not such ruling was proper and must be upheld.

See *Cole v. Cole,* 172 Kan. 220, 240 P. 2d 141, which holds:

"When a journal entry of judgment fails accurately to reflect a judgment actually rendered a court has a right and duty to correct it by an order *nunc pro tunc,* the function of which is to enter, now for then, an order previously made." (Syl. ¶ 2.)

See, also, *Bush v. Bush,* 158 Kan. 760, 150 P. 2d 168, of like import, which contains an excellent discussion, supported by pertinent authorities, on the law of this state governing the granting or denial of *nunc pro tunc* orders.

So that there may be no mistake respecting our view on the point it should be stated that, in our opinion, the rule announced in the foregoing decisions has application to cases where a journal entry of judgment fails to accurately reflect a judgment actually rendered by reason of the fact, that by mistake, language has been incorporated therein which was no part of the judgment actually rendered.

Turning to the record we find that at the time Judge Claflin sustained the involved motion for an order *nunc pro tunc* and struck the heretofore mentioned language from the journal entry he had before him the following information:

1. A finding, conceded by all parties to have been made, that $15,000.00 should be awarded appellant *as his share of the ac-*

cumulation and improvement of property 'owned and acquired by the parties to the divorce action during their marriage, which amount should be a lien on all property owned by appellee.

2. A decree, the unemphasized portion of which as heretofore quoted, is likewise conceded by all parties to have been a part of the judgment, reciting that appellant was granted a judgment for $15,000.00 against appellee *for his share of the accumulation of personal property and for improvements made through the joint efforts of such parties to the divorce action on real property which appellee owned prior to her marriage to appellant, and for profit derived from the sale of real property consisting of a farm in Leavenworth County,* which sum was made a lien on all of the property owned by the parties (appellee).

3. A transcript of the record disclosing that, after some colloquy between counsel for the parties involved in the divorce case respecting what action was being taken by the court with respect to child support payments, such court stated:

"I think I have taken that into consideration. If he owes any alimony, of course that is taken care of in this judgment. The order should be that he continue to pay for the support of the child. I have not covered that."

In the face of the heretofore quoted statement of the trial court (Judge Fischer), we believe, Judge Claflin would have been warranted in concluding that the trial court's judgment did not cover or include past due and unpaid child support payments. Of a certainty, upon reading that statement in connection with the finding and judgment of such trial court as set forth in paragraphs above numbered 1 and 2, he was justified in so holding.

In reaching the foregoing conclusions we have not failed to note *Calkins v. Calkins,* 155 Kan. 43, 122 P. 2d 750, the only case relied on by appellant as sustaining his claim of error. A careful analysis of that decision will disclose that it deals with an entirely different situation than is here involved and is therefore clearly distinguishable.

Based on what has been heretofore stated and held it necessarily follows that Judge Claflin's action in sustaining the involved motion for an order *nunc pro tunc* and in thereafter directing that the language in question be stricken from the journal entry was proper and must be upheld.

It is so ordered.

JACKSON, J., not participating.