NOT DESIGNATED FOR PUBLICATION

No. 116,186

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

JAYME DOUGHTY,
*Appellee,*

and

KYLE DOUGHTY,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; DANIEL A. DUNCAN, judge. Opinion filed May 19, 2017. Vacated and case dismissed.

*Craig A. Lubow*, of Kansas City, for appellant.

*Robert R. Laing, Jr.*, of Kansas City, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and MCANANY, JJ.

*Per Curiam*:  Kyle Doughty appeals from the trial court's judgment granting Jayme Doughty's petition for divorce. Kyle's primary argument on appeal is that the trial court lacked subject matter jurisdiction to enter the divorce decree because Jayme had not been a resident of the State of Kansas for at least 60 days before filing her divorce petition as required under K.S.A. 2016 Supp. 23-2703(a). In the alternative, Kyle argues that the trial court's division of certain property was inequitable. For reasons set forth below, the trial court clearly lacked subject matter jurisdiction to enter the divorce decree because Jayme failed to meet the statutory residency requirement before filing her

1

divorce petition. Accordingly, we vacate the trial court's divorce decree in this matter and dismiss this case without prejudice for lack of subject matter jurisdiction.

On September 15, 2011, Jayme and Kyle Doughty were married in Leavenworth, Kansas. Jayme and Kyle resided in Leavenworth until January 2013. During this time, Jayme and Kyle had a daughter. In January 2013, the Doughtys moved to Platte City, Missouri. In October 2013, the Doughtys moved from Platte City to Kansas City, Kansas. In January 2014, the Doughtys moved from Kansas City to Mays Landing, New Jersey. On September 3, 2014, the Doughtys traveled to Kansas to attend Jayme's brother's wedding, returning to New Jersey on September 15, 2014. Then, sometime in October 2014, Jayme and her daughter moved back to Kansas City, Kansas, while Kyle remained in New Jersey. Jayme filed a change of address with the post office on October 29, 2014, listing her new address as her parents' Kansas address.

On November 12, 2014, Jayme filed a divorce action in the Wyandotte County District Court. In her petition for divorce, Jayme requested that she and Kyle have joint custody of their minor child and that the court divide their debts equitably.

On December 10, 2014, Kyle responded to Jayme's divorce petition. In his response, Kyle requested "that the court deny the petition and dismiss the matter on [the] grounds that [Jayme] was not a legal resident of the [S]tate of Kansas for sixty or more days prior to the filing the petition." Although Kyle's attorney did not explicitly state the statutory authority for this residency requirement, it is clear that Kyle's attorney was referencing K.S.A. 2016 Supp. 23-2703(a), which states: "The petitioner or respondent in an action for divorce must have been an actual resident of the state for 60 days immediately preceding the filing of the petition." Kyle also asserted in his response that child custody proceedings had already begun in New Jersey. Based on the fact that child custody proceedings had already begun in New Jersey, Kyle asked that the trial court to dismiss Jayme's petition in regards to the custody issues.

2

Sometime after Kyle filed his response, Jayme and Kyle agreed to handle all child custody proceedings in New Jersey. There are no journal entries or hearing transcripts included in the record on appeal documenting that agreement. At a later hearing, however, Jayme testified that she and Kyle were handling their child custody issues in New Jersey.

On September 22, 2015, the trial court held a hearing on Jayme and Kyle's divorce proceeding. At this hearing, both Jayme and Kyle testified. Jayme testified that she and Kyle had planned to move back to Kansas from New Jersey in the fall of 2014. Jayme explained that she, Kyle, and their daughter drove to Kansas from New Jersey in a Toyota Highlander sometime in October 2014 so she could search for a job in Kansas. Jayme testified that Kyle returned to New Jersey by plane shortly after he drove her to Kansas for the job search.

On cross-examination, without saying the exact date, Jayme again testified that she moved back to Kansas in October 2014. Following this testimony, Kyle's attorney asserted that the trial court lacked subject matter jurisdiction to consider Jayme's divorce petition because Jayme had not been a resident of Kansas for 60 days before filing her November 12, 2014, divorce petition. Then the following exchange occurred:

> "THE COURT: But she had been living here.

> "MR. LUBOW: But jurisdiction goes by the date the petition was filed of 60 days filed.

> "THE COURT: Noted and overruled, Mr. Lubow [Kyle's attorney]. Continue with the divorce."

Accordingly, the hearing continued.

3

In the end, the trial court granted the divorce and divided Jayme and Kyle's personal property. The divorce decree, which was written by Jayme's attorney, stated that the trial court overruled Kyle's jurisdictional challenge because Jayme "ha[d] resided in Wyandotte County for more than sixty (60) days."

*Does Jurisdiction Exist?*

As he did below, Kyle argues that the trial court lacked subject matter jurisdiction over the divorce proceedings. Kyle contends that the trial court lacked subject matter jurisdiction because K.S.A. 2016 Supp. 23-2703(a) mandates that the person who files for divorce in the State of Kansas reside in Kansas at least 60 days before the filing date. Kyle asserts that based on Jayme's hearing testimony, Jayme clearly did not live in Kansas for 60 days before filing her petition. Kyle asks that this court remand to the trial court with directions to "dismiss the matter with prejudice to [Jayme]." On the other hand, Jayme's attorney contends that the trial court had proper subject matter jurisdiction to render a valid judgment of divorce.

Whether jurisdiction exists is a question of law over which appellate courts exercise unlimited review. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015). To the extent Kyle's challenge involves statutory interpretation, interpretation of a statute is also a question of law over which appellate courts exercise unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

If a trial court lacks jurisdiction to enter an order, an appellate court reviewing the trial court's order similarly lacks jurisdiction over the subject matter of the appeal. *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, 456, 284 P.3d 337 (2012). "'Subject matter jurisdiction is the power of the court to hear and decide a particular type of action.'" *In re Marriage of Allen*, 31 Kan. App. 2d 31, 32, 59 P.3d 1030 (2002) (quoting *Gentzel v. Williams*, 25 Kan. App. 2d 552, 559, 965 P.2d 855 [1998]). Conversely, "[p]ersonal

4

jurisdiction is defined as the court's power over the defendant's person and is required before the court can enter an in personam judgment." *In re Marriage of Salas*, 28 Kan. App. 2d 553, 555, 19 P.3d 184 (2001).

Once again, K.S.A. 2016 Supp. 23-2703(a) states: "The petitioner or respondent in an action for divorce must have been an actual resident of the state for 60 days immediately preceding the filing of the petition." In *Perry v. Perry*, 5 Kan. App. 2d 636, Syl. ¶ 2, 623 P.2d 513 (1981), this court held that the "word 'actual' in [the] statute requiring 'actual' residence of a plaintiff in a divorce action means no more than 'bona fide,' *i. e.*, having an intent to reside here." Additionally, while examining the predecessor statute regarding a divorce petitioner's residency status, our Supreme Court explained that a "prerequisite to the conferring of jurisdiction upon the district court in a divorce action" is the divorce petitioner meeting the statutory residency status. *Schaeffer v. Schaeffer*, 175 Kan. 629, Syl. ¶ 1, 266 P.2d 282 (1954). Thus, when the petitioner in *Schaeffer* failed to meet Kansas' residency status rule, the *Schaeffer* court determined that any order entered during the divorce proceeding was void. 175 Kan. at 629, Syl. ¶ 4. See also *In re Marriage of Kirchhoff & Jones*, No. 104,386, 2011 WL 1377098 (Kan. App. 2011) (unpublished opinion) (where this court examined and affirmed the trial court's holding that it lacked jurisdiction over the wife's divorce petition because she had resided in Kansas only 3 days before filing her petition).

Accordingly, the language and effect of K.S.A. 2016 Supp. 23-2703(a) is clear and unambiguous. K.S.A. 2016 Supp. 23-2703(a) clearly requires persons who petition for divorce in Kansas courts to have resided in Kansas for at least 60 days before filing their petitions. Any petition filed by persons who have not resided in Kansas at least 60 days before filing their petitions is void because under K.S.A. 2016 Supp. 23-2703(a), courts do not have jurisdiction over the subject matter of the divorce. It is readily apparent that premature petitions under K.S.A. 2016 Supp. 23-2703(a) result in courts lacking subject matter jurisdiction, as opposed to personal jurisdiction, because K.S.A. 2016 Supp. 23-

5

2703(a) speaks to the power of the court to hear and to decide the divorce action. K.S.A. 2016 Supp. 23-2703(a) has nothing to do with the court's power over a respondent to make a binding order.

Despite the contrary assertion of Jayme's attorney, it is patently obvious that the trial court lacked subject matter jurisdiction to grant the divorce in this case. Based on Jayme's own testimony, the earliest she began residing in Kansas was sometime in October 2014. Jayme filed her petition for divorce on November 12, 2014. As noted in Kyle's brief, the date which fell 60 days before November 12, 2014, was September 13, 2014. Thus, to meet the Kansas residency requirement to be a resident 60 days before filing her divorce petition, Jayme would have needed to begin her residency in Kansas before September 13, 2014. Nevertheless, because Jayme testified she did not permanently move to Kansas until sometime in October 2014, this was simply not the case.

Consequently, the trial court not only lacked subject matter jurisdiction to grant Jayme's petition for divorce but also lacked jurisdiction to divide Jayme and Kyle's property. Simply put, because Jayme had not resided in Kansas for at least 60 days before filing her divorce petition, K.S.A. 2016 Supp. 23-2703(a) did not confer the trial court with the jurisdiction to hear or decide the divorce. In turn, this court additionally lacks jurisdiction over the divorce action.

We further note that Kyle has requested that this court dismiss this case with prejudice. While dismissal is appropriate since no jurisdiction exists, there is no basis for dismissal with prejudice in divorce cases. This court is not in a position to keep persons married indefinitely because a petitioner prematurely files his or her divorce petition. Thus, if Jayme wants to, nothing prevents her from filing another divorce petition with the Wyandotte County District Court once she has resided in Kansas for at least 60 days.

6

In summary, for the foregoing reasons, we vacate Jayme and Kyle's divorce decree and dismiss this case without prejudice for lack of subject matter jurisdiction.

Divorce decree vacated and case dismissed without prejudice.